PETER J. SOLLER v. THE TOWNSHIP BOARD OF THE
                  TOWNSHIP OF BROWN.

*Highways—Proceedings for establishing—Certiorari—Appeal to
township board.*

1. The failure of a highway commissioner to show, in his return,
   that he met those interested at the *place* specified in his notice
   for viewing the premises, cannot be urged as error, where the
   affidavit for *certiorari* to review his proceedings in laying out a
   highway shows that the petitioner met him at such place to
   oppose such action.[1]

2. The decision of a township board on an appeal from the action of
   a highway commissioner in laying out a highway, on the hearing
   of which the appellant relied upon irregularities in the action
   appealed from, and was heard thereon, is final and conclusive.[2]

---

[1] See *Barlow v. Highway Commissioner*, 59 Mich. 443, as to necessity of meeting at the place named in the notice.

[2] How. Stat. § 1302, gives the right of appeal to the township board to any freeholder or holder of lands by homestead right within the township, who may conceive himself aggrieved by the determination of a commissioner in laying out, altering, or discontinuing any highway, or in his award of damages; and section 1303 provides that the board *shall* hear the proofs and allegations of the parties, and *may* examine persons on oath, in respect to matter of such appeal, and t iat their decisions shall be *conclusive* and *final*.

In *Prescott v. Patterson*, 44 Mich. 526, being an action of trespass against a highway commissioner for removing fences under the claim of opening a public highway, it was held that such statutory appeal was a waiver of previous defects and irregularities; citing *Brody v. Tp. Board of Penn*, 32 Mich. 272.

In *Weber v Stagray*, 42 N. W. Rep. 665, the Court limits the rule laid down in the *Prescott v. Patterson* case to such defects as do not show a want of jurisdiction, or that the proceedings are void; and in the same case it is held that the failure of the record to show that the commissioner or town board allowed complaining landowner *any* damages for his land renders the proceedings void, and that damages to the amount of the value of the land taken for farming purposes must be allowed such owner before the public can acquire any interest in the condemned property.

In *F. & P. M. R. R. Co. v. Norton*, 64 Mich. 248, it is held that *certiorari* will not lie to review the action of a highway commissioner in laying out a road, where the only grievance urged is an arbitrary disregard of the land-owner's rights in the assessment of damages, the remedy being an appeal to the township board.

Error to Manistee. (Judkins, J.) Argued October 21, 1887. Decided October 27, 1887.

Certiorari by land-owner to review judgment of township board on appeal from the action of a highway commissioner in laying out a road. Judgment annulled in the circuit court, and township board brings error. Reversed, and writ of *certiorari* quashed. The facts are stated in the opinion.

*S. W. Fowler,* for appellant.

*Dovel & Smith,* for plaintiff.

MORSE, J. The commissioner of highways of the township of Brown, in the county of Manistee, proceeded to lay out a highway through the lands of the plaintiff in error.

The commissioner's return of his proceedings fails to show that he met those interested "at the house of Andrew Collins," the place specified in his notice, but sets forth that "at the time mentioned in said notice" he proceeded "to view the premises." It appears, however, from the affidavit of the plaintiff in error, upon which the writ of *certiorari* was granted, that, "at the *time* and *place* specified" in said notice, the plaintiff in error and other persons appeared and met the commissioner, for the purpose of being heard in opposition to the proceedings to establish such highway. The plaintiff, therefore, cannot complain of this omission in the commissioner's return. The commissioner, by Soller's own showing, did meet at the time and place designated in the notice, and he was there at the meeting.

He complains further that the commissioner would not give him or his witnesses a hearing, but arbitrarily proceeded to lay out the highway, awarding him no damages, and that the commissioner's report does not show that any damages were claimed. He thereupon appealed to the township

board, who decided against him, as he claims, by dismissing his appeal arbitrarily, and without giving him a hearing, or swearing any witnesses, and assessing costs against him.

In the circuit court the judgment of the township board was annulled, and Soller awarded costs against the board.

The board bring the matter into this Court upon writ of error.

It appears from the return of the board, which also contains a transcript of the record of their proceedings, that Soller appeared before the board, and through his attorney, R. W. Smith, asked that the proceedings of the highway commissioner be quashed and held for naught, for the reason that such commissioner had not, as shown by his report, taken all the steps required by the statute to be taken in the premises, and because the report did not show that the parties affected by the proposed highway had any opportunity to be heard; that the proposed highway is within one-half mile of and parallel to an existing highway; and that the report of the commissioner does not show any damages allowed the owner of land proposed to be taken.

The return further shows that he did not claim any damages before the board, but, when asked by them "whether his appeal was a question of damages or not," answered: "No, we want these proceedings of the commissioner quashed." The township board then decided that the proceedings of the commissioner were regular, and that, inasmuch as a highway running diagonally through the same premises of plaintiff in error had been taken up, the existence of which would have been of more damage to him than the proposed highway, therefore there was no necessity for the commissioner to state in his report that any damages had been allowed.

It does not appear anywhere in the record that Soller offered to have any witnesses examined before the board upon the question of damages, but it is satisfactorily shown that

he relied upon irregularities in the action of the commissioner, and that he was heard thereon.

The decision of the board was final and conclusive. How. Stat. §§ 1302, 1303.

There are no peculiar or exceptional circumstances indicating that any special grievance will result from the denial of the writ in this case. He chose to take advantage of his statutory remedy as to the action of the commissioner, and must be content with the result thereof. *Burt v. Commissioners,* 32 Mich. 190 ; *Brody v. Tp. Board of Penn,* Id. 272; *Prescott v. Patterson,* 44 Id. 525.

The writ of *certiorari* in this case must be quashed, and the judgment of the circuit court for the county of Manistee reversed, vacated, and annulled, with costs of both courts.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.