Jones *et al. v.* Duffy *et al.*

No. 13,612.

Jones et al. *v.* Duffy et al.

Appeal.—*Highway Proceedings.*—*Adverse Report of Reviewers.*—An appeal will not lie from the board of commissioners where the reviewers report against the public utility of a proposed highway, the remedy of the petitioners being to file a bond for costs and petition over.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *J. A. Roberts,* for appellants.
*R. R. Stephenson* and *W. R. Fertig,* for appellees.

Elliott, C. J.—The appellees petitioned for an order establishing and opening a highway. The viewers reported that the proposed highway would be of public utility. The appellants remonstrated. Reviewers were appointed, and they reported that the proposed highway would not be of public utility, and the board of commissioners entered an order approving the report. The remonstrants moved to dismiss the appeal taken by the petitioners to the circuit court. The circuit court had no jurisdiction, and its judgment is without force as against a direct attack. The report of the reviewers conveyed to the commissioners the information that the proposed highway was not of public utility, and this finally determined the question, as the commissioners were bound to act upon the report. *Doctor* v. *Hartman,* 74 Ind. 221.

The question here is essentially the same as it was in *McKee* v. *Gould,* 108 Ind. 107, where it was held that an appeal will not lie from the report of the viewers. We are unable to discover any difference between that case and the present, for we think that it makes no difference whether the report comes from the viewers or the reviewers. The principle is the same. As was said in *McKee* v. *Gould, supra,* " The only remedy petitioners may resort to when an ad-

verse report is made upon the subject of the utility of a highway petitioned for, is to file their bond for costs and petition over again." There is no conflict between the cases of *McKee* v. *Gould* and *Doctor* v. *Hartman,* for the latter case does not assume to decide what cases may be appealed, but simply decides that the board of commissioners can not vacate its final judgments.

Filed May 16, 1889; petition for a rehearing overruled June 21, 1889.