Filed Jan. 30, 1890.

———◆———

No. 13,879.

## AMOSS ET AL. *v.* LASSELL ET AL.

DRAINAGE. — *Ditch.* — *Restoration to Original Dimensions.* — *County Surveyor.*—*Discretionary Power.*—Where a county surveyor, upon being served by a land-owner with the statutory notice (Section 1193, Elliott's Supp.) requiring him to repair a drain by cleaning it out to its full dimensions as required by the original specifications, exercises the discretion committed to him and determines that it is his duty to clean it out, his judgment is conclusive as to the necessity of making the repairs; and no ground for judicial interference is presented, unless the complaint

shows that the surveyor is proposing to do something beyond the restoration of the drain to its original dimensions.

From the Wabash Circuit Court.

*A. Taylor,* for appellants.

*O. H. Bogue,* for appellees.

MITCHELL, C. J.—This was an action by certain landowners to enjoin the county surveyor from proceeding to clean out and repair a public drain. It appears from the complaint that the drain had been established and completed under proceedings instituted in the Wabash Circuit Court. Within sixty days after the work had been completed and accepted a land-owner, whose lands were affected, served written notice on the county surveyor, requiring him to proceed and repair the ditch·by cleaning it out to its full dimensions as required by the original specifications.

The plaintiffs allege that the ditch is in good repair, and carries off all the water that naturally and ordinarily flows into it, and drains all the lands affected by it, and the collateral drains leading into it, by the natural course and flow of the water. It is averred that the usual and ordinary deposit of sediment has not filled the same to a depth exceeding an average of six-tenths of a foot, and that the deposit of sediment does not at any point obstruct the use, operation or enjoyment of the drain by the several land-owners affected by it, and that the drain is not in any wise obstructed, and that there is no necessity for any repairs to be made to it. It is also averred that the proposed repairs will cost about $1,-200, and that they will be of no benefit to the owners of the land. The court sustained a demurrer to the complaint.

The statute makes it the duty of the county surveyor to keep all ditches " in repair to the full dimensions as to width and depth as required in the original specifications." Upon failure of the county·surveyor to perform the work required of him, after ten days' notice in writing by any person interested, such person has the right to file his petition

in the office of the clerk of the circuit court, and give notice to the surveyor requiring him to appear before the judge and show cause why the repairs should not be made. Section 1193, Elliott's Supp. Except as provided in the above section, the question of the expediency or necessity of making repairs to a public drain seems to be committed exclusively to the discretion of the county surveyor, and is not a subject of judicial cognizance. *Weaver* v. *Templin,* 113 Ind. 298. Where an officer is acting within the limits of a discretionary power, courts can not control his action unless expressly authorized to do so. *City of Kokomo* v. *Mahan,* 100 Ind. 242; *Braden* v. *McNutt,* 114 Ind. 214.

The jurisdiction of county surveyors is confined to making repairs and removing obstructions from drains, and while it is undoubtedly true that the courts might interfere in case it appeared that the officer was proceeding to do something outside his jurisdiction, the facts pleaded do not make this a case for the interference of the court. It is conceded that sediment had collected in the bottom of the ditch, and while it is alleged that it did not obstruct the flow of the water or impair the utility of the ditch, yet the surveyor, upon being served with notice, exercised a discretion committed to him, and determined that it was his duty to clean it out. So far as it relates to the expediency or necessity of making repairs to the drain, his judgment is conclusive.

As there is no suggestion that he was proposing to do anything beyond the restoration of the drain to its original dimensions, the complaint presents no ground for judicial interference.

The judgment is affirmed, with costs.

Filed Jan. 30, 1890.