Bowman *et al. v.* Jobs *et al.*

No. 14,139.

BOWMAN ET AL. *v.* JOBS ET AL.

HIGHWAY.—*Second Viewers.—Adverse Report.—County Commissioners.—Appeal.—Circuit Court.*—After the second viewers, appointed as provided in section 5023, R. S. 1881, have reported against the utility of a highway, it is the imperative duty of the board of commissioners, under section 5024, R. S. 1881, to enter a judgment refusing to establish the highway; and the circuit court upon appeal if it finds that the proceedings have been regular, and that the viewers regularly appointed have reported adversely to the utility of the highway, has nothing to do but to dismiss the appeal.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellants.

*W. H. Trammel,* for appellees.

BERKSHIRE, J.—The appellants filed a petition with the board of commissioners of Huntington county asking for the location of a public highway. Viewers were appointed who reported in favor of locating the highway as asked for in the petition. A remonstrance was afterwards filed and second viewers appointed. They reported adversely to the petitioners, that the highway proposed, if located, would not be of public utility. The board of commissioners approved the report of the last viewers, and refused to locate the said highway. From the judgment of the board of commissioners an appeal was taken to the circuit court, and on motion of the remonstrants the appeal was dismissed and a judgment rendered against the petitioners for a portion of the costs, and from the judgment of the circuit court this appeal is prosecuted.

The only error assigned is as to the ruling of the court dismissing the appeal.

We think the court committed no error. The appeal brought the case to the circuit court *de novo,* but with power

to try and determine only such questions as the board of commissioners had power to try and determine.

After the second viewers were appointed, as provided in section 5023, R. S. 1881, and had reported against the utility of the road, section 5024 made it the imperative duty of the board of commissioners to enter a judgment refusing to establish the highway.

After the second viewers had reported the board of commissioners had no further jurisdiction, except to render final judgment against establishing the road and for costs.

Under the statute this judgment was a finality, and left nothing for the circuit court to try and determine. The circuit court could look into the proceedings, but if it found they had taken the regular course, and that viewers had been appointed as provided for in section 5023, and that they had reported adversely to the utility of the highway, it had but one thing to do, and that was to dismiss the appeal.

*Jones* v. *Duffy,* 119 Ind. 440, seems to be directly in point, but it is claimed that that case is in conflict with the case of *Green* v. *Elliott,* 86 Ind. 53, and that the last-named case is sound both upon authority and principle, and therefore the case of *Jones* v. *Duffy, supra,* should be overruled.

In the case of *Green* v. *Elliott, supra,* no motion was made to dismiss the appeal in the circuit court, but without objection the parties went to trial, and after verdict the appellant filed a motion for a *venire de novo,* and a motion for a new trial, which said motions the court overruled and the appellant excepted ; and, after judgment upon the verdict, appealed to this Court.

The questions raised and considered in the circuit court were considered by this Court, and none other than those.

The question, therefore, which was considered and decided in *Jones* v. *Duffy, supra,* was not before the Court in *Green* v. *Elliott, supra.* But if the question had been before the Court in the last-named case, and decided in accordance

with the appellants' contention, the decision would have been right, in view of the statute then in force. 1 R. S. 1876, p. 533, sections 23 and 24. See *McKee* v. *Gould,* 108 Ind. 107. Under that statute, notwithstanding an adverse report by the second viewers as to the utility of the highway, the petitioners had a right to have the highway opened and established, if they were willing to pay the expense of opening and maintaining it; and, therefore, the right to have the question of damages fixed and determined; and when the board of commissioners refused to hear and consider the question of damages, and absolutely refused to open the road, the petitioners had the right of appeal from its judgment for the purpose of having the question of damages considered and determined; and, that being true, as the case came up *de novo,* it may be that the question of utility was also before the court for trial. As to that we decide nothing.

But, as we have already said, under the statute of 1881, when the second viewers reported adversely to the utility of the highway the petitioners had reached their rope's end, and the board of commissioners could take no further step, except to approve the report and render a judgment for costs.

Judgment affirmed, with costs.

Filed March 21, 1890.