Smith et al. v. Harbin.

Judgment affirmed.

Filed June 21, 1890.

---

No. 14,223.

Smith et al. v. Harbin.

Principal and Surety.—Judgment not Disclosing Suretyship.—Subrogation.—A judgment was rendered against S. and H. before a justice of the peace and a lien obtained upon the real estate by the filing of a transcript. S. afterwards mortgaged the land to Y. to secure a debt. The mortgage was foreclosed, Y. becoming the purchaser at the sheriff's sale. The judgment obtained against S. and H. did not disclose H.'s suretyship, and Y. had no knowledge that he was surety. H. having paid the judgment after the mortgage was given, sought to have himself declared a surety and subrogated to the lien of the judgment creditor.

Held, that as against Y., to whom the mortgage was given after the ren-

dition of the judgment and before its payment, he is not entitled to subrogation.

From the Knox Circuit Court.

*W. A. Cullop* and *G. W. Shaw,* for appellants.

*T. R. Cobb* and *O. H. Cobb,* for appellee.

OLDS, J.—This is an action brought by the appellee, James A. Harbin, against the appellants, Frederick A. Smith and John P. Young, to recover a judgment for money paid by him as surety on a judgment against said appellant Smith and the appellee, and to have a lien declared on real estate owned by said Smith at the time of the rendition of the judgment, but now owned by the appellant Young.

Appellant Young demurred to the complaint, and his demurrer was overruled, to which ruling he excepted, and assigns the same as error.

The averments in the complaint are, in substance, as follows: That, on the 1st day of September, 1884, the appellant Smith as principal, with William Donaldson and the appellee as his sureties, executed a promissory note to one William H. C. Lingo, whereby they promised to pay to said Lingo four months after date the sum of $100, for value received, without relief from valuation or appraisement laws, with interest thereon at the rate of eight per cent. per annum from maturity, and attorney's fees; that said note was not paid at maturity, and, on the 2d day of February, 1885, the said Lingo instituted an action on said note before Hannibal Young, who then was a justice of the peace in and for Steen township in said county, against the makers of said note, to recover the amount due thereon, and such proceedings were had in said action before said justice that, on the 6th day of February, 1885, the said Lingo obtained a judgment before said justice against said Smith, Donaldson and the appellee for the sum of $110.80, together with costs taxed at $5.40, and accruing costs amounting to $13 ; that, on the 7th day of February, 1885, said Lingo filed a certified transcript in

the office of the clerk of the Knox Circuit Court in said State; that the filing of said transcript in the clerk's office by said Lingo was to make said judgment a lien on the real estate of the judgment defendants Smith, Donaldson and this appellee, situated in said Knox county, the same as judgments rendered in said circuit court are liens on real estate within said county, and said clerk forthwith duly recorded said transcript and docketed said judgment; that, on said 9th day of February, 1885, the said Smith was the owner in fee simple of certain real estate in said county, a description of which real estate is set out; that, on the 28th day of February, 1885, the said appellant Smith was indebted to the said appellant John P. Young in the sum of $500, and on said day said Smith and his wife executed a mortgage upon said real estate to said Young to secure the payment of said indebtedness when the same became due; that the note which was given by said Smith to Young for said debt became due March 1st, 1885; that on the 30th day of August, 1884, the said appellant Smith and his wife Zarelda Smith executed a mortgage upon said real estate to the board of trustees of the Vincennes University, to secure the payment of a note given by said Smith to the board of trustees of said university on the same day for the sum of $800, and that said note was due and unpaid to said board on the 10th day of April, 1886, and said board of trustees on said day instituted an action in said Knox Circuit Court against said appellant Frederick A. Smith, Zarelda Smith, his wife, and the appellant John P. Young, to obtain a foreclosure of their said mortgage and an order of sale of said real estate to satisfy said indebtedness of said Smith to said board of trustees, and said John P. Young was made a party defendant because he was a junior mortgagee, holding a mortgage on said real estate, and to answer as to any other interest he might have in or to said real estate; that said Young filed a cross-complaint in said action, setting up his note and mortgage securing the same as aforesaid, and asked for a foreclosure of the

mortgage and an order of sale of the real estate to satisfy the same; that such proceedings were had in such action for fore-closure that, on the 3d day of May, 1886, the said court rendered a judgment and decree of foreclosure in favor of said board of trustees for the sum of $922.40, and that the same was a prior lien to said mortgage of said Young thereon, and a judgment and foreclosure in favor of said Young for the sum of $433.70, which was declared to be a junior lien to the said amount in favor of the said board of trustees; that a decree of foreclosure issued on said judg-ment to the sheriff of Knox county, and the sheriff duly advertised the said real estate for sale on the 12th day of June, 1886, and on said day the sheriff sold the same to said appellant Young, and issued to him a certificate therefor; the same not having been redeemed within one year, at the ex-piration of the time for redemption said sheriff executed to said Young a deed therefor; that, on the 30th day of De-cember, 1885, said appellee paid the sum of $125 to the clerk of said court in full of said judgment in favor of said Lingo; that said appellant Smith and Donaldson are notoriously in-solvent, and have not sufficient property subject to execution to satisfy said judgment; that said real estate is worth the sum of $3,000; that said sum of money so paid by the ap-pellee in full of said judgment in favor of Lingo is a lien on said real estate, and the said sum of $125 so paid by him as aforesaid is still due and unpaid. Prayer for judgment for $150, and that the same be declared a lien on said real estate, and prior to any right or title thereto obtained by the de-fendant Young by virtue of the foreclosure and sale under said mortgage so executed by said Smith and wife to him, and that said lien be enforced and said property sold for the satisfaction thereof.

The judgment, as set out in the complaint in favor of Lingo, was a lien in favor of the plaintiff Lingo, on the real estate afterwards mortgaged to appellant Young, but until it was modified, and until a judgment had been rendered

finding and adjudicating that the appellee Harbin was surety on such judgment, no right existed in favor of the said Harbin to enforce the judgment rendered in favor of Lingo, as the judgment was rendered, it did not disclose Harbin's suretyship, and *prima facie* Harbin was a principal debtor, and the judgment conveyed no notice to Young that he had any rights as surety for his co-judgment debtors, and a payment by Harbin *prima facie* satisfied the judgment.

In *Kreider* v. *Isenbice,* 123 Ind. 10, it is held that an action by a surety, who has paid a judgment, to recover the amount paid, is barred in six years, and that when a judgment is rendered against the makers of a note, without disclosing the suretyship, and is paid by one of the judgment defendants, although in fact a surety, it is a *prima facie* satisfaction of such judgment; that when a surety pays a debt he has the right to be subrogated to the rights of an obligee whose claim he has paid, but that the action is based upon an implied promise of the principal to indemnify his surety.

As appears by the averments of the complaint, Smith, the judgment debtor, owned certain real estate; he first mortgaged it to secure a debt he was owing to the board of trustees of the Vincennes University; then Lingo filed a transcript, and obtained a lien upon it; then Smith mortgaged it to Young to secure a debt he owed to Young; the two mortgages were foreclosed and the real estate sold to satisfy them, and Young, the junior mortgagee, became the purchaser.

If, at the time of the rendition of the judgment, or at any time prior to the execution of the mortgage to Young, the appellee had filed a complaint, as contemplated by section 1212, R. S. 1881, and had the question of suretyship tried and determined, and judgment rendered in his favor as surety, he would have thereby acquired a right to have been subrogated to the lien existing on the real estate in favor of the judgment plaintiff, and which he could have enforced by execution, as provided by section 1214; but until such finding was made, and judgment declaring him to be surety was ren-

dered, no right existed in favor of him as surety to enforce the judgment.   If this cause is prosecuted to final judgment it is then by virtue of the judgment in this suit and the judgment entered in this cause that the appellee is declared a surety, and the lien which he obtains by this judgment attaches at the date of its rendition, and can not be antedated so as to become a prior lien to the mortgage in favor of Young.   It is questionable whether the remedy prescribed for sureties by sections 1212, 1213, and 1214, R. S. 1881, must not be sought by a surety entitled thereto in the court wherein the original action is brought, by the creditor, to collect the debt.   But the surety in this case, the appellee, can, no doubt, prosecute his action in the circuit court against Smith to recover the amount paid for him as surety ; but as against the appellant Young he has no right of action, and no judgment rendered thereon can be made a lien to antedate the mortgage of Young, or affect his title derived by virtue of the sheriff's sale on the decree of foreclosure.   The demurrer of Young to the complaint should have been sustained, and the court erred in overruling the same.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrer of Young to the complaint.

Filed June 21, 1890.