127   293
132    19

### No. 14,771.

## TAYLOR ET AL. *v.* BROWN.

DRAINAGE.—*Repairs.* — *Assessments.* —*Appeal.*—*Evidence.* — **Under** section 1193, Elliott's Supp., relating to the repair of ditches by the county surveyor, on an appeal to the circuit court from an assessment made by the county surveyor, apportioning the expense of repairing a ditch, evidence that the money expended by the surveyor was for excavating and repairing a ditch on a different line from that designated in the original specifications, is admissible.

From the La Grange Circuit Court.

*O. L. Ballou,* for appellants.

*J. D. Ferrall, J. S. Drake* and *F. D. Merritt,* for appellee.

OLDS, C. J.—This is an appeal taken from an assessment made by the surveyor of La Grange county, apportioning the expense of cleaning out a ditch, which ditch, it is contended by the appellants, was formerly constructed under an order of the board of commissioners of the county.

There was a trial had in the circuit court, and a special finding of facts made by the court, and conclusions of law stated. Appellants filed a motion for a new trial, which was overruled; also, made a motion to modify the judgment, which was overruled. Exceptions were reserved, and the rulings of the court in overruling the motions for a new trial and to modify the judgment, are assigned as error.

Counsel for appellants discusses the questions presented by the assignments of error, together with some questions not presented.

The questions presented by the assignment of errors relate to the right of the circuit court on appeal to hear evidence and determine whether the amounts assessed by the county surveyor against the persons appealing is, in fact, the amount expended for the repairing of a ditch theretofore constructed, for which their lands were assessed as authorized by the statute. Section 1193, Elliott's Supp., makes it the duty of the county surveyor to clean out the ditch and keep it in repair to the full dimensions, as to width and depth, as required by the original specifications for the construction of such ditch, and certify the cost thereof to the county auditor, and to apportion and assess the cost to the lands adjudged benefited by the ditch. It authorizes an appeal to the circuit court, and it provides that the only question to be tried on appeal should be to determine the cost of such repairs, and what amount thereof should be assessed against the appellant's land.

To try and determine the costs of such repairs necessarily involves the necessity of the court to determine whether or not the amount apportioned and assessed against the land was for repairs to any ditch theretofore constructed by pro-

Taylor *et al. v.* Brown.

ceedings had in the county. If the amount was expended for some purpose other than repairs to and in keeping a ditch, for which the lands of the parties were assessed, in repair to the full dimensions as to width and depth as required in the original specifications, then there are no costs of repairs chargeable against the lands. So it is proper for the court to hear evidence showing what the amount charged against the lands of parties assessed for the construction of a ditch was expended for, and, if expended for some purpose other than repairing the ditch, constructed in pursuance of proper legal proceedings, then it should be disallowed. The surveyor has no authority to expend money for other purposes or for constructing and excavating a ditch in another and different place from the line upon which it was originally located and charge the same up as costs of repairs and assess them against the lands assessed for the original construction of a ditch. The surveyor is charged with keeping ditches in repair after they are once constructed, and he determines the necessity of making the repairs, but he has no discretion in the expenditure of money. He can only expend it to keep such a ditch in repair to the full dimensions, as to width and depth, as required in the original specifications, and he has no discretion which allows him to change the location and do work in a different way or manner from that designated in the original specification.

The testimony was properly admitted in this case to show that the money expended by the surveyor was for excavating and repairing a ditch on a different line from that designated in the original specifications, and the evidence tended to support the finding of the court, and this court will not disturb it. *Weaver* v. *Templin*, 113 Ind. 298 ; *Fries* v. *Brier*, 111 Ind. 65.

The court did not err in overruling the motion to modify the judgment, and there is no error in the record.

Judgment affirmed at costs of appellant.

Filed Feb. 19, 1891.