# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1891, IN THE SEVENTY-
SIXTH YEAR OF THE STATE.

---

No. 15,812.

CAMPBELL ET AL. *v.* FOGG ET AL.

HIGHWAY.—*Location of.—Report of Viewers.—Public Utility.*—In the matter of the location and opening of a highway the statute does not require the viewers to state in their report that the road will be of public utility. Their report recommending the opening of the road is a sufficient expression of their judgment that it will be of public utility. *McKee v. Gould*, 108 Ind. 107, *Jones v. Duffy*, 118 Ind. 440, *Bowman v. Job*, 123 Ind. 44, distinguished.

SAME.—*Description of.—Report of Viewers Must Contain.*—The viewers must give a description of the location of the proposed highway by metes and bounds. For sufficiency of description see opinion.

SAME.—*Selection of "Best Ground."—Report Need not State.*—While the statute makes it the duty of the viewers to "locate and mark" the highway "on the best ground," they are not required to state in their report that they have selected the best ground for the route of the proposed highway.

From the Carroll Circuit Court.

*M. Winfield, J. C. Nelson, L. D. Boyd* and *Q. A. Myers,* for appellants.

*R. C. Pollard* and *C. R. Pollard,* for appellees.

ELLIOTT, C. J.—The appellants petitioned for the location and opening of a highway. The appellees, as the record shows, moved to dismiss the report of the viewers. This motion was overruled, and such proceedings were had as resulted in an order establishing the highway as prayed. The appellees appealed to the circuit court, and there renewed their motion. The circuit court entered judgment remanding the case to the board of commissioners, with instructions to cause the viewers to correct their report by showing whether the highway would be of public utility, and by requiring them to mark and lay out the same.

It is contended by the appellants' counsel that the statute does not require the viewers to state in their report that the road will be of public utility, and by the appellees' counsel that such a statement is required. The statute does not require that the report of the viewers shall contain such a statement. Section 5016, R. S. 1881. It is made their duty to ascertain whether the road will be of public utility, but they are not directed to incorporate their conclusion in their report in express terms. Section 5017, R. S. 1881. The report recommending the opening of the road is a sufficient expression of their judgment that it will be of public utility. This is the doctrine of the case of *Heagy* v. *Black*, 90 Ind. 534. The case of *McKee* v. *Gould*, 108 Ind. 107, cited by appellees, is not in point upon this question, for in that case the report was adverse to the petitioners, and the question we have here was not before the court. This is true of the cases of *Jones* v. *Duffy*, 119 Ind. 440, and *Bowman* v. *Jobs*, 123 Ind. 44.

It is true, as asserted by appellee's counsel, that the viewers must give "a description of the location by metes and bounds," and this description must be embodied in their report. The course, distance and line of a highway must be brought into the record as the law requires, since that is an essential part of the proceedings. See authorities cited in Elliott Roads and Streets, p. 255, note 3. The viewers,

in their report, say that "We proceeded to view, mark and locate said proposed public highway, commencing on a public highway at the southeast corner of section numbered nine in township twenty-five north, of range one east, in Carroll county, Indiana; thence north on the section line dividing said section nine from section ten in said township and range for a distance of about three-fourths of a mile, where said highway will intersect another public highway, where the highway petitioned for will terminate." This description is clearly sufficient. It might not be sufficient in a jurisdiction where the width of highways is not fixed by law, but it is sufficient in jurisdictions like ours, where a designated width is prescribed by law.

The statute makes it the duty of the viewers to "locate and mark" the highway "on the best ground," but in prescribing what they shall state in their report, the statute does not provide for any statement that the road was located on the best ground, so that the omission of such a statement from the report can not vitiate it nor destroy its effectiveness. The report of the viewers recommending the location of the road, and declaring, as it does, that they have "proceeded to view, mark and locate the proposed highway," implied that they had performed their sworn duty according to law, and hence it is presumptively true, at least, that they selected the best ground for the road and there located it. This conclusion is strengthened by the fact that the statute gives a right to remonstrate, and authorizes the remonstrants to "set forth their grievances," thus giving them an opportunity to tender an issue upon all questions open to investigation, secure reviewers, and if the report of the reviewers is not satisfactory, obtain a trial in due form of law. Sections 5019, 5023, inclusive, R. S. 1881. It is doubtful whether the question as to the best location is, in any event, open to trial except where there is a manifest abuse of authority, inasmuch as the principle declared in analogous cases seems to require the conclusion that the line of the

highway is to be determined by the proper officers in the exercise of a sound discretion. *Weaver* v. *Templin,* 113 Ind. 298, and cases cited; *Markley* v. *Rudy,* 115 Ind. 533; *Kirkpatrick* v. *Taylor,* 118 Ind. 329; *Amoss* v. *Lassell,* 122 Ind. 36, and cases cited; *Zigler* v. *Menges,* 121 Ind. 99 (107), and authorities cited. See authorities cited in Elliott Roads and Streets, p. 276, note 2; p. 375, note 1. The authorities are quite well agreed that where the matter is one of discretion, as the route or line of a proposed highway usually is, no notice need precede a decision of such a question, as it is not one open to review except as the statute expressly provides. These rules, taken in connection with the fact that the statute does not require the viewers to state in their report that they have selected the best ground for the route of the proposed highway, make it clear that the omission of such a statement from the report does not render the report obnoxious to such a motion as that interposed by the appellees.

The court erred in sustaining the motion of the appellees, and the judgment must be and is reversed.

