No. 15,786.

ARTMAN, SURVEYOR, *v.* WYNKOOP ET AL.

DRAINAGE.—*Drain Partially Constructed.*—*Duty of County Surveyor to Keep in Repair.*—When a drain was constructed as far as it was constructed under the act of March 9, 1875, it was the duty of the county surveyor (Section 1193, Elliott Supp.) to have the portion constructed kept in repair, and jurisdiction was conferred upon him to do so. The propriety of making such repairs having been committed to his discretion, his decision was final.

From the Jay Circuit Court.

*O. P. Mahon,* for appellant.
*S. M. Ralston* and *M. Keefe,* for appellees.

MILLER, J.—This was an appeal from an assessment made by a county surveyor for the repair of a public drain, to the circuit court.

At the request of the parties the court found the facts specially, and stated its conclusions of law upon them.

The assignment of error is, that the court erred in its conclusions of law on the findings.

A synopsis of so much of the finding as we deem necessary to present the question of law discussed is as follows:

That on the 13th day of June, 1881, a petition was filed in the auditor's office of Boone county for the location and construction of a public drain; that such proceedings were had in the commissioners' court as that viewers were appointed and a report made in favor of the utility of the improvement, and an assessment made upon the lands benefited; that on the 6th day of September, 1881, the board approved the report, and ordered the ditch or drain established and constructed, the proposed drain being of the total length of 6,110 feet, divided into 61.10 stations of 100 feet each; that the drain was fully constructed from stake No. 61.10, at the

mouth of said drain, to stake No. 19, being 4,210 feet of the lower end of said drain; that from stake No. 19 to stake No. 8, being 1,100 feet of the drain, the same never was constructed; that from stake No. 8 to stake No. 0, said drain was tiled and was fully constructed and completed; that the county surveyor, having been notified that the ditch was in need of repairs, caused the same to be repaired, beginning at stake No. 19 and repairing the same to its full dimensions, as originally constructed, to stake No. 61.10, and the cost of making the repairs was paid out of the county treasury. The assessment appealed from was made to reimburse the county treasurer for this expenditure.

As conclusions of law from these facts the court found:

1st. That if the surveyor was authorized to make any assessment against the lands assessed for the construction of the drain, the assessment made by him against the lands of the plaintiffs was properly made, and for the proper amounts, and that the assessment so made should be confirmed by the court.

2d. That said drain having never been constructed, the surveyor had no jurisdiction or authority to repair the same, and, therefore, the assessments against the lands of the plaintiffs for such repairs were unlawful and void, and ought to be set aside.

The question involved is a question of jurisdiction.

The appellee contends that until a drain is fully and finally completed, and the commissioner charged with its construction has made report of its completion, the jurisdiction of the court ordering the work is exclusive, and, therefore, that until that time a county surveyor has no jurisdiction to have it repaired.

The appellant contends that when a specific portion of a drain has been fully completed, it is made the duty of a county surveyor to have it kept in repair, as commanded in section 1193, Elliott Supp.

The original petition for the construction of this drain was filed June 13th, 1881, in the auditor's office, and the improvement was ordered and the original assessment made by order of the board of commissioners. It thus appears that the drain was not constructed under the circuit court act of April 8th, 1881, section 4273, R. S. 1881, nor under the act of April 21st, 1881, section 4285, R. S. 1881, for that act was not in force until September 19th, 1881. From the language used in the special finding of facts descriptive of the proceedings and order of the board of commissioners, we are convinced that the original drain was constructed, so far as it was constructed, under the act of March 9th, 1875, Acts of 1875, p. 97.

This act differed in many respects from the subsequent enactment. One important difference affecting this case is that under the act of 1875 drains were not constructed under the supervision of any officer or persons appointed by the board of commissioners ordering their establishment.

Assuming, but by no means deciding, that the circuit and commissioners' courts have, as claimed by appellees, exclusive jurisdiction of the construction of public drains constructed under the acts of 1881 and 1883, so as to prevent a county surveyor from having completed portions of an unfinished drain cleaned out and kept in repair, no such conflict exists when the drain has been constructed under the act of 1875.

The drain having been constructed for the purpose of drainage, under a public law, section 1193, Elliott Supp., made it the duty of, and conferred jurisdiction upon the county surveyor to have it kept in repair. The propriety of making the repairs having been committed to his discretion, his decision was final. *Markley* v. *Rudy*, 115 Ind. 533; *Kirkpatrick* v. *Taylor*, 118 Ind. 329; *Zigler* v. *Menges*, 121 Ind. 99; *Amoss* v. *Lassell*, 122 Ind. 36; *Bunnell* v. *Peet*, 124 Ind. 436; *Taylor* v. *Brown*, 127 Ind. 293.

The judgment is reversed, with instructions to the court to restate its conclusions of law, and render judgment in accordance with the opinion.

Filed May 24, 1892.