### BURNETT *v.* SWANEY.

HIGHWAYS—PROCEEDINGS TO ESTABLISH—REVIEW ON CERTIORARI —LACHES.

Fifteen months after the laying out of a highway by the commissioner of highways, the proceedings were removed by *certiorari* to the circuit court.  The person prosecuting the writ had notice of and was present at the proceedings, but made no effort to prevent the improvement and use of the highway by the public until the time of the issuance of the writ.  *Held*, that the writ was properly dismissed.

Error to Grand Traverse; Corbett, J.  Submitted October 6, 1897.  Decided October 25, 1897.

*Certiorari* by Dewitt A. Burnett to review the action of James Swaney, commissioner of highways of the township of Peninsula, Grand Traverse county, in laying out a highway.  From an order dismissing the writ, plaintiff brings error.  Affirmed.

*Underwood & Umlor*, for appellant.

*Pratt & Davis*, for appellee.

PER CURIAM.  The appellant removed proceedings to lay out a highway to the circuit court by *certiorari*.

His grounds of complaint were that proof of service upon him of notice of the meeting to consider the application was not made or filed with the clerk, and that, at the time said proceedings were instituted, another highway, "substantially parallel" with the proposed highway, existed, within a distance of half a mile. The records show that said highway was laid out on the 27th of December, 1894, that the appellant was present and claimed damages, and that no evidence was offered showing the existence of another highway substantially or practically parallel, within such distance, and, further, that the public has expended large sums upon, and used, said highway since. No appeal was taken, and no efforts made to prevent the improvement and use of said highway by the public until March, 1896, when this writ was issued.

It being clear that the appellant had notice and was present at the proceedings, and that he delayed action for more than a year, we think that we should not hold the proceedings invalid under a discretionary writ. The case is within the rule of *City of Detroit* v. *Murphy*, 95 Mich. 531, and *Baudistel* v. *Recorder, etc., of Jackson*, 110 Mich. 357. See, also, *Soller* v. *Township Board of Brown,* 67 Mich. 422.

The judgment of the circuit court is affirmed.