## OATHOUT ET AL. v. SEABROOKE ET AL.

[No. 19,908.   Filed November 25, 1902.]

DRAINS.—*Dismissal of Proceedings by County Commissioners.—Appeal.*— No appeal will lie to the circuit court from a judgment of dismissal rendered by the board of county commissioners upon a negative report of reviewers in a proceeding to establish a ditch, under §5655 Burns 1901.

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Petition by Aaron M. Seabrooke and others to establish a drain. From a judgment of the circuit court reversing a dismissal of the proceedings by the county commissioners, remonstrators appeal. *Reversed.*

*J. F. Applewhite, Ralph Applewhite* and *O. H. Montgomery,* for appellants.

HADLEY, C. J.—Appellees filed with the board of commissioners their petition, under the drainage act of September 19, 1881, §5655 Burns 1901, for the construction of a ditch. The court appointed viewers who reported that the

ditch would be of public utility, whereupon appellants filed remonstrances, and the commissioners appointed reviewers who reported that the proposed ditch would not be of public utility; which report was approved by the commissioners, and the proceeding dismissed at the cost of the petitioners. The petitioners appealed to the circuit court. In the latter court the remonstrators, appellants, moved a dismissal of the appeal for want of jurisdiction. The motion was overruled. Trial, finding, and judgment for the petitioners that the proposed ditch would be of public utility, and that the petitioners recover of the remonstrators their costs.

The controlling question is the action of the circuit court in overruling appellants' motion to dismiss the appeal from the commissioners. The judgment of the commissioners appealed from was the dismissal of the proceeding upon the report of the reviewers that the drain would not be of public utility, in accordance with §5668 Burns 1901. This was the only judgment the commissioners had authority to render upon such a report. The seizure of private property by the State, through county commissioners, for the construction of highways and ditches, is an assertion of the right of eminent domain, which can be exercised only in cases where some public benefit is to be subserved. The commissioners have no power to enter upon lands, lay out and construct roads and ditches when only private interests are involved, and no power to act upon such subject until they have first ascertained, by the means provided by law, that some public benefit is to be promoted thereby. That fact is therefore jurisdictional, and must be determined under this and the highway act, by viewers or reviewers sent out for that purpose. The fact once established by the report of the viewers, the law directs what judgment shall be rendered. If the finding is in favor of the public welfare the commissioners may proceed. If the finding is that the public will not be benefited,—and therefore the court without jurisdiction,—the only further step the com-

missioners can take is to dismiss the action, and thus end the proceedings on that petition. Exclusive original jurisdiction for the location and opening of highways and for the construction of drains under the act of 1881 being in county boards of commissioners, circuit courts can acquire no jurisdiction by appeal in cases where the commissioners had none. Consequently this court has uniformly held in highway cases, under an analogous statute, §6751 Burns 1901, that no appeal will lie from a judgment of dismissal rendered upon a negative report of viewers or reviewers. *Helms* v. *Bell,* 155 Ind. 502; *Bowman* v. *Jobs,* 123 Ind. 44; *Jones* v. *Duffy,* 119 Ind. 440; *McKee* v. *Gould,* 108 Ind. 107. The same principle applies to drainage cases under the act of 1881.

Under the facts of this case, the commissioners having acquired no jurisdiction to construct the drain, none was conferrable upon the circuit court, and the appeal thereto should have been dismissed.

Judgment reversed with instructions to sustain appellants' motion to dismiss the appeal.