### DITCH IMPROVEMENTS.

Common Pleas Court of Van Wert County.

### M. H. Brown v. The Board of Commissioners of Van Wert County.

Decided, May 1, 1911.

*Appeal—None Provided from County Commissioners—In the Matter of Ditch Improvements—Sections 6453, 6463, 6468 and 6469.*

In the absence of a finding by the county commissioners that a proposed ditch improvement is necessary, the board is not authorized to proceed. No appeal from the finding of the board of county commissioners that a proposed ditch improvement is unnecessary is provided by statute; hence, the action of the probate court dismissing such appeal is not erroneous.

*H. W. Blachly,* for plaintiff in error.

*O. W. Kerns,* Prosecuting Attorney, contra.

MATTHIAS, J.

This case comes into this court upon a petition in error from the probate court, the error complained of being the refusal of the probate court to entertain the appeal of said plaintiff in error from the decision of said board of commissioners, and the action of said court in dismissing said appeal upon the motion of the county commissioners.

Said M. H. Brown and two other persons presented a petition to said board of county commissioners praying for the improvement of a certain open ditch, therein described, by tiling. Thereafter, upon the hearing of said petition, the board found that said improvement was "not necessary as there now exists a ditch of sufficient capacity along the route of the above styled improvement, and it will not be conducive to the public health, convenience and welfare, and that it would be very detrimental to all open ditches now emptying into the present open ditch"; and thereupon the board dismissed said petition. Exceptions were duly filed to said finding by the petitioners, and an appeal therefrom was duly taken and perfected to the probate court with the result above stated.

The sole question we are called upon to determine is, whether an appeal lies from such finding of the board of commissioners. Our answer is in the negative.

Appeals are not granted by implication. There is no right of appeal unless specifically granted. "It is held by many authorities that conferring jurisdiction upon an appellate court without prescribing any mode of bringing the action into the court, is in effect denying the jurisdiction of the court." *State, ex rel Prescott,* v. *Hamousek,* 19 C. C., 306; *Bowersox* v. *Commissioners,* 20 O. S., 496.

It is uniformly held that the right of appeal is purely statutory, and that a party has no right of appeal except by virtue of the statute.

Section 6451, General Code, requires the commissioners to go over and along the line of said improvement and by actual view of the premises, etc., "determine the necessity thereof ＊ ＊ ＊ and in case said commissioners find for said improvement, they

shall fix a day for further hearing," etc. Section 6453 provides that if the commissioners find against the improvement, they shall dismiss the petition at the cost of the petitioners; while Section 6454 provides that if the commissioners find for the improvement they shall order a survey made, etc.

Section 6468 provides for the filing of exceptions by any party to the proceeding to the finding of the commissioners that the improvement is necessary or will be conducive to the public health, convenience and welfare, etc. Section 6469 provides that any person aggrieved thereby may appeal from any final order or judgment of the commissioners made in the proceeding and entered upon their journal, determining either of the following matters, viz: (1) whether said ditch will be conducive to the public health, convenience or welfare; (2) whether the route thereof is practicable; (3) the compensation for land appropriated; (4) the damage claimed to property affected by the improvement.

The appellant relies for his right of appeal upon Section 6463, General Code, the last clause of which provides that if any person or a corporation aggrieved by any final order or judgment of the commissioners shall at the final hearing before them, or within such time as provided by law, file a written notice of intention to appeal therefrom, no further proceedings shall be had until said proceedings on appeal are finally disposed of and determined. In our view there is no grant whatever of a right of appeal by the provisions of said section; it only requires that *when* an appeal is taken all proceedings shall be held in *statuo quo* until said appeal is finally disposed of and determined. Section 6469 contains the provision for such appeal and determines from what findings the appeal may be taken. In this connection we have carefully considered the decision of *Atley* v. *Commissioners,* 77 O. S., 285. In that case, however, the Supreme Court passed only upon the question as to whether an appeal was taken prematurely, and held that it was.

If there be a right of appeal from the finding of the commissioners upon the question of necessity, by whom is it to be determined? Certainly not by the jury, for Section 6476, General Code, provides that:

"The jury shall find and return a verdict determining the matters appealed from, being one or more of the following propositions, viz: (1) whether the ditch will be conducive to the public health, convenience and welfare; (2) whether the route thereof is practicable; (3) the compensation due each appellant for land appropriated; (4) the damages due each appellant for property affected by the improvement."

A proposed ditch may be conducive to the public health, convenience and welfare and still be unnecessary. The draining of a swamp by tunneling a hill would undoubtedly be conducive to the public health, convenience and welfare, but quite unnecessary if the swamp were naturally drained in the opposite direction. So it may have been found that the tiling of the ditch here in question would be conducive to the public health, convenience and welfare, but the commissioners find that the same is unnecessary. If the questions which the statute provides may be submitted to a jury were submitted and answered by them favorably to the appellants the finding of the commissioners that such ditch is unnecessary remains.

Whether any right of appeal is conferred by the last clause of Section 6443, General Code, or whether the right of appeal is granted only by Section 6469, General Code, together with subsequent sections determining the manner and method of procedure on appeal, we are clearly of the opinion that no right of appeal from a finding that the improvement petitioned for is unnecessary now exists by virtue of any statute. We regard such finding as jurisdictional, and that in the absence thereof the commissioners are unauthorized to proceed further. Undoubtedly they are required neither to locate nor to survey, unless in their judgment such improvement be necessary. *Coen et al* v. *White et al*, 8 O. S., 232; *Rice* v. *Wellman*, 5 C. C., 334; *Oathoet* v. *Seabrooke*, 159 Ind., 529.

In the case last cited the judgment appealed from was the dismissal of the ditch proceeding upon the ground that the drain would not be of public utility. It is there held that if the finding is in favor of the public welfare the commissioners may proceed, and if the finding is that the public will not be benefited and therefore a want of jurisdiction, the only further steps the

commissioners can take is to dismiss the action. Such was the holding of the Supreme Court of Indiana, although a statute was then in existence providing that if any land owner shall be dissatisfied with the judgment of such board, he shall have the right to appeal therefrom in the same manner that appeals are taken from other decisions of such board.

That an appeal from the negative finding of the commissioners is not contemplated by the statute, we think quite apparent from a consideration of Section 6471, General Code, which requires that when an appeal is taken the appellant shall be plaintiff, and the commissioners and the petitioners shall be defendants. This indicates that the right of appeal is provided only for those who oppose the improvement.

In argument counsel for plaintiff in error asked whether it is possible that the proposition is one-sided and whether the commissioners can act as a barrier to a proposed improvement. There are other proceedings in which no appeal is provided from the finding of the commissioners against a proposed improvement. Section 7062, General Code, provides for an appeal from the final order of the county commissioners establishing a county road, etc., but indicates none from an order refusing to establish, alter or vacate such road. Section 6537, General Code, providing for the proceeding for a joint county ditch, gives a right of appeal from the finding of the commissioners locating and establishing such ditch, but indicates none from a refusal to locate or establish such ditch. Section 6468, General Code, provides for the filing of exceptions to the finding by the county commissioners that the improvement is necessary, etc., but no exceptions are authorized to a finding that the same is unnecessary.

There being no provision by statute for appeal from the finding of the board of county commissioners that a proposed ditch improvement is unnecessary, in our opinion such finding of the commissioners is final, and the probate court did not err in dismissing the appeal.