CHICAGO, DETROIT & CANADA GRAND TRUNK JUNCTION RAILROAD CO. *v.* SIMONS.

1. APPEAL AND ERROR—APPEALS ARE STATUTORY.

Appeals are statutory, do not exist at common law, and the legislature in its discretion may prescribe in what cases and under what circumstances appeals may be taken.

2. SAME—EMINENT DOMAIN — JURISDICTION OF APPELLATE COURT AFTER REMANDING CASE.

Where, upon appeal from an award in condemnation proceedings in the probate court, the Supreme Court set aside the award and remanded the case for a second inquest, it no longer had jurisdiction except to entertain a motion for rehearing or modification, or to tax the costs awarded by its own judgment.

3. STATUTES—CONSTRUCTION.

In construing a statute all parts should be considered and if possible given force.

4. EMINENT DOMAIN—SECOND APPEAL NOT AUTHORIZED—STATUTES.

An appeal from a second award in condemnation proceedings in the probate court is not only not given but is by express terms prohibited; the statute (2 Comp. Laws 1915, § 8257) providing that "the second report shall be final and conclusive upon all parties interested."

5. SAME—APPEAL FROM ALLOWANCE OF ATTORNEY'S FEES.

> Nor is there any provision for an appeal from the amount allowed for attorney's fees to the owner of the land condemned, independent of an appeal from the award.

Appeal from Macomb probate court; Reid (Neil), J. Submitted April 27, 1920. (Docket No. 46.) Decided June 7, 1920.

Condemnation proceedings by the Chicago, Detroit & Canada Grand Trunk Junction Railroad Company against David W. Simons and others to acquire certain land for railway purposes. From an order confirming an award of the jury, plaintiff appeals. Affirmed.

*Harrison Geer* (*H. R. Martin,* of counsel), for appellant.

*Lungerhausen & Lungerhausen* and *William T. Hosner,* for appellees.

FELLOWS, J. When this case was here before (200 Mich. 76) we set aside the awards and directed another inquest before a new jury. A second inquest has been had before another jury and plaintiff appeals from the awards to the defendants and the amount allowed for their attorneys. No question of jurisdiction of the trial court is here involved. In taking this appeal, plaintiff has followed the provisions of section 8257, 2 Comp. Laws 1915.

We are met at the threshold of the case with the contention of defendants' counsel that an appeal does not lie from the awards made by the second jury; counsel's contention being that appeals are statutory and unless provided for by statute may not be allowed; that the statute here involved by its terms refuses an appeal from the second award and that this appeal must be dismissed. We shall not quote the inappli-

cable portions of the section of the statute above cited. After providing for an appeal to this court and directing how and within what time it shall be taken, it is provided:

"* * * such appeal shall be heard by the Supreme Court at any general or special term thereof, on notice thereof being given according to the rules and practices of the court. On the hearing of such appeal, the court may direct a new appraisal before the same or new commissioners or jury, in its discretion. *The second report shall be final and conclusive upon all parties interested,*"

—the words in italics being relied upon to support defendants' contention.

This court, in consonance with other courts of last resort, has uniformly held that appeals are statutory, do not exist at common law, and that the legislature in its discretion may prescribe in what cases and under what circumstances appeals may be taken. *Sullivan* v. *Haug,* 82 Mich. 548 (10 L. R. A. 263); *Messenger* v. *Teagan,* 106 Mich. 654; *Kundinger* v. *City of Saginaw,* 59 Mich. 355; *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich. 230. Plaintiff must, therefore, look to the statute and to the statute alone for its right to be here heard. We note but disagree with plaintiff's argument that the first appeal brought the case here and that it has since remained here and that this court should now treat this present appeal as a motion to set aside the second award. We were exercising appellate jurisdiction when the case was here before, and then disposed of it by entering a judgment remanding it for a second inquest. Upon such remand being made the case was no longer here and we no longer had jurisdiction except to entertain a motion for rehearing or modification, and if it had not before been done, to tax the cost awarded by our own judgment. This has been plaintiff's theory until this question was sug-

gested. It prepared its appeal and brought the case to our attention by following the requirements for an appeal found in the section above cited. It is pretty late in the day to now claim that the case has been here all the time since the first appeal.

We disagree with defendants' counsel in their claim that the. New York cases cited by plaintiff's counsel in their reply brief (*In re New York, etc., R. Co.*, 64 N. Y. 60; *In re Daly*, 189 N. Y. 34 [81 N. E. 560]; *In re Board of Water Supply of New York*, 167 N. Y. Supp. 529) are distinguishable from the instant case. We think they support in their reasoning the claim made for them by plaintiff's counsel, but we find ourselves unable to follow them. Their reasoning is this: that where the first award is set aside for irregularities, it is as though no award had been made. And it necessarily follows, we think, under these holdings of the New York courts, that there is no award until one has been had that is free from irregularities and proof against all assaults. But such an award from its very nature is final, binding, and conclusive on the parties, and the provision of the statute there and here under consideration, as construed by the New York courts, has no meaning and might as well have been omitted from the statute. If only an award is to be considered as the first award which is final and conclusive on the parties we can perceive no occasion for providing that "the second report shall be final and conclusive upon all parties interested." It is a well recognized rule of statutory construction that all parts of a statute shall be considered and if possible given force. The construction indulged in by the New York courts reads out of the statute the language just quoted, and we are not inclined to follow them. Indeed we are impressed that this court is foreclosed from following such construction by its former holding.

In at least two cases (*Soller* v. *Township of Brown*, 67 Mich. 422; *Brown* v. *Greenfield Township Board*, 109 Mich. 557) this court had under consideration the provisions of 3 How. Stat. (1st Ed.), § 1303, which provided for a hearing by the township board of an appeal from the decision of the highway commissioner in laying out a highway and awarding damages for the lands taken. The statute provided that the decision of the township board "shall be conclusive and final." In each of these cases this court gave effect to this provision of the statute and dismissed writs of certiorari brought to review such proceedings. In *United States Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich. 668, an appeal had been taken to the circuit court of Kent county from an order of the probate court dismissing a condemnation proceeding. This court held that appeals are statutory and that there being no statutory provision for such an appeal to that court the appeal should be dismissed. In *Appeal of S. O. Houghton*, 42 Cal. 35, where the court had under consideration a statute of similar purport to the one here involved, it was held that the trial court might under its inherent power entertain a motion for a new trial but that appeals were statutory and no appeal would lie from the second report. We quote from the syllabus:

"The acts of 1868 and 1870, to modify the grades of streets in San Francisco, in declaring that the judgment of the county court on the second report of the commissioners shall be 'final and conclusive,' means that there shall be no appeal from the judgment, and that it shall not be reviewed by the court, except by motion for a new trial."

Mr. Justice Crockett, who wrote the prevailing opinion, said:

"It is our duty to give effect, if practicable, to every portion of the statute; and we cannot presume that, in declaring the final and conclusive effect of the judg-

ment, the legislature intended to announce only what would have been equally apparent without that clause. We must seek for some other and more effective meaning in the phrase 'final and conclusive,' and none other has been suggested or occurs to me than that the judgment shall be final and conclusive for all purposes whatsoever, and shall end the litigation. This, in effect, is to deny an appeal from the judgment, and to make it absolutely conclusive on the parties. It is not our province to discuss the wisdom and policy of such legislation. This belongs solely to the legislative department, whose enactments it is our duty to expound, in accordance with the expressed will of the legislature."

And in *Bowman* v. *Jobs,* 123 Ind. 44 (23 N. E. 976), it was said:

"But, as we have already said, under the statute of 1881, when the second viewers reported adversely to the utility of the highway the petitioners had reached their rope's end, and the board of commissioners could take no further step, except to approve the report and render a judgment for costs."

If any effect is to be given the language under consideration we must sustain defendants' contention that the right of appeal from a second award is not given by the statute and is by express terms prohibited. This court cannot read out of the act the language quoted. It was placed there by the legislature and with its wisdom we are not concerned. Our duty requires us to give it force if possible. We are constrained to sustain defendants' contention.

We do not understand that plaintiff contends that we may consider the reasonableness of the amount allowed for defendants' attorneys independent of an appeal from the awards. If such contention is made it is effectively answered, and indeed our right to review such an allowance is settled by the case of *Detroit, etc., R. Co.* v. *Hall,* 135 Mich. 302, where it was said:

"It will be observed there is no provision in the statute for an appeal from the order of the judge making an allowance for an attorney fee. This would indicate the legislature deemed the judge before whom the proceeding was had better qualified to pass upon that question than would be a tribunal before whom all of the proceedings would not appear in the record, and intended to make the action of the trial judge final."

The appeal will be dismissed with costs of this court to defendants.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.