This appeal is taken by the Southern Boulevard Railroad Company from an order of the general term of the first department affirming an order directing payment to the trustees of the estate of Paul Spofford, deceased, of the sum of $5,999.94, the difference between a first award of six cents and a second award of six thousand dollars under the General Railroad Law of 1850, providing for the acquisition of real estate by railways and the mode of fixing compensation for the same.
The Southern Boulevard Railroad Company began proceedings in January, 1890, under the General Railroad Law of 1850, to condemn the interest of certain property owners in land occupied by the Southern Boulevard in the twenty-third ward of the city of New York, in so far as the same were necessary for the purposes of said railroad. Commissioners were appointed, who, after hearing testimony, assessed the damages to be paid by the company to the property owners under chapter 723, laws of 1887, as amending laws of 1867, chapter 290, at a nominal sum of six cents. This award was reversed by the general term on the ground that the legislature had no power to repeal a part of chapter 290 of the laws *Page 535 
of 1867 by enacting chapter 723 of the laws of 1887 which sought to confine the property owners to nominal rather than substantial damages. (58 Hun, 497.) From this order of reversal an appeal was taken to this court, which was dismissed on the ground it was not a final order. (128 N.Y. 93.) The matter then came on before the commissioners for a second hearing, which resulted in an award of six thousand dollars. An order was thereafter made at special term adjusting the difference between the two awards and directing the payment thereof. That order was affirmed at general term, and from it this appeal is taken.
The respondents make the preliminary objection that this appeal will not lie, for the reason that the appellant company is proceeding under the General Railroad Law of 1850 and its amendments, but that this proceeding having been instituted prior to May 1st, 1890, the rights of the parties must be sought in the act last mentioned, and, unaffected by the legislation of 1890, which did not take effect until the first day of May that year. (Code, § 3384.) The preliminary objection thus made is based on section 18 of chapter 140 of the laws of 1850, as amended by laws of 1876, chapter 198, wherein it deals with the matter of a second report or award made by the commissioners. It provides as follows, viz.: "On the hearing of such appeal" (that is, the appeal from the first report) "the court may direct a new appraisal, before the same or new commissioners, in its discretion; the second report shall be final and conclusive on all the parties interested." The respondents contend that said provision is fatal to this appeal. The appellant, replying to this contention, insists that as to the amount of the appraisal the second report is final and conclusive, but that it is at liberty to show that the property the commissioners valued is not that for which it was bound to pay.
The appellant also insists it is at liberty on this appeal to examine into the constitutionality of said act of 1887; the power of the legislature to contract with property owners under the said act of 1867; the fact whether the award has *Page 536 
evidence to support it, and whether or not material evidence was rejected by the commissioners at the hearing. We are of opinion that the question raised by this preliminary objection is not an open one in this court, and that the appeal herein must be dismissed.
In the Matter of Prospect Park and Coney Island Railroad Co. (85 N.Y. 489) this provision of the General Railroad Act of 1850 was construed. The petitioning company sought to acquire title to land in Gravesend avenue, Long Island. An appraisal was had which resulted in a report that was confirmed at special term and reversed by the general term. A second hearing was held before the commissioners and another report was made that was confirmed by both the special and general terms and an appeal was taken to this court. Judge EARL says: "Commissioners of appraisal were appointed, and after hearing the parties they made their report, awarding to the owners each one dollar as compensation for the land taken. That report was confirmed at special term; but upon appeal to the general term of the Supreme Court, the order of confirmation was reversed, and the report was set aside and new commissioners were appointed, who were ordered to make a new appraisal * * * on the ground that they had awarded but nominal damages, when the land owners appeared from the case as then presented to be entitled to more substantial damages. A hearing was had before the new commissioners, and they made their report which again awarded to the land owners nominal damages, one dollar each for the land taken." The court, after setting forth the appeal to the special and general terms and to this court, proceeds with the consideration of the case as follows (p. 496): "This was a second report, and the amount awarded to each land owner was the same as by the first report. The order of confirmation by the special term was, therefore, entirely useless and harmless, and nugatory as well; and so the order of the general term affirming that of the special term, so far as I can perceive, served no purpose and decided nothing. The appeal to the *Page 537 
general term brought there no question to review. The report of the commissioners, as to the amount of damages, was of itself final and conclusive. If the land owners, in such a case, claim that there was any irregularity, fraud or mistake in the proceedings of the commissioners, or back of such proceedings, their remedy is by motion to set the award and proceedings aside, and not by appeal from the award, or the order confirming the same; and, from orders made upon such motions, appeal may be had, even to this court, if they involved substantial rights, and do not rest in discretion."
In the Matter of the Petition of the New York and HarlemRailroad Company (98 N.Y. 12) this same question was referred to by Judge EARL. After holding that an order of the general term reversing an order which confirmed an award in a first proceeding and directed a new appraisal, was not reviewable here for the reason it was not a final order in a special proceeding, Judge EARL says: "It is nevertheless not a final order, and if the result should be that the company will not be able to bring to this court for review the question of law upon which it appears, from the opinion of the general term, the new appraisal was ordered, it will be the fault of the law and not of this court. If, however, upon the new appraisal, the commissioners should proceed upon a fundamentally erroneous view of the law, and thus do either party injustice, the ingenuity of counsel may possibly discover some mode of correcting the error, and, if necessary, for procuring a review of the question in this court. (In reP.P. C.I.R.R. Co., 85 N.Y. 489, 496.)" (See generally on this subject N.Y.C.R.R. Co. v. Marvin, 11 N.Y. 276; People exrel. v. Betts, 55 id. 600; In Matter of D. H.C. Co.,
69 id. 209; In Matter of Metropolitan El. Ry. Co., 128 id. 600.)In Matter of N.Y., L. W. Ry. Co. (1 Silvernail, 91), Judge RAPALLO, writing as late as 1886, says, in deciding a point not involved in case at bar: "Aside from other answers to this argument of the respondent, a sufficient one is that although, under the statute, the petitioners could not by appeal obtain a review, on the merits, of a second award, yet it would be *Page 538 
within the power of a court of equity to set aside any excessive award obtained by fraud or the misconduct of the commissioners, or for any cause which would justify setting aside an award of arbitrators; and in a proceeding like this the same relief could be obtained on motion." We, therefore, hold that no appeal lies from the order of the general term, affirming the order of the special term, directing the payment of the difference between the first and second awards.
The appeal should be dismissed, with costs.
All concur.
Appeal dismissed.