In the Matter of the Application of MICHAEL T. DALY, as Commissioner of Public Works of the City of New York, to Acquire Certain Real Estate for the Protection of the Water Supply of the City of New York, Respondent.

THOMAS E. RAYMOND et al., Appellants; LEWIS É. COLE et al., Respondents.

APPEAL — WHEN SECOND APPRAISAL OF LANDS FOR WATER SUPPLY IN CITY OF NEW YORK IS NOT CONCLUSIVE. Section 22 of chapter 189 of the Laws of 1893, relating to the acquisition of lands for the protection of the sources of water supply in the city f New York, which provides, among other things, that "in case of a new appraisal the second report shall be final and conclusive on all parties and persons interested," does not apply where the first report was set aside by the Special Term upon the ground that the commissioners had admitted improper evidence and had adopted an erroneous measure of damages and thereupon new commissioners were appointed. In such a case the first report must be regarded as no appraisal and no report, and the report of the new commissioners as the original report; an appeal, therefore, may be taken from its confirmation to the Appellate Division, the determination of which is reviewable by the Court of Appeals.

*Matter of Daly*, 116 App. Div. 798, reversed.

(Submitted May 24, 1907; decided June 4, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 22, 1907, which dismissed an appeal from an order of

Special Term confirming the report of commissioners of appraisal in the above-entitled proceeding.

The facts, so far as material, are stated in the opinion.

*Lewis H. Freedman, Artemas H. Holmes* and *John L. Jones* for appellants. The report of February 9, 1906, was not a second report within the provisions of chapter 189 of the Laws of 1903 so as to be final and conclusive. (*M. R. Co.* v. *O'Sullivan*, 6 App. Div. 571; 150 N. Y. 569; *Matter of N. Y. C. & H. R. R. R. Co.* 64 N. Y. 60.)

*Arthur M. Johnson* for Lewis E. Cole et al., respondents. The report of the commissioners of appraisal herein dated February 9, 1906, was a second report upon a new appraisal, and under the provisions of the statute under which these proceedings are had such report is final and conclusive and no appeal therefrom is permitted. (*People ex rel. S. & U. H. R. R. Co.* v. *Betts*, 55 N. Y. 600; *Matter of P. P. & C. I. R. R. Co.*, 85 N. Y. 489; *Matter of Southern Boulevard*, 141 N. Y. 532; *Matter of Fitch*, 147 N. Y. 334; *Matter of S. B. R. R. Co.*, 143 N. Y. 253; *Matter of Board of Public Works*, 144 N. Y. 440.) This is a second report, even though the first report was not confirmed by the Special Term. (*Matter of Gilroy*, 43 App. Div. 359.)

*William B. Ellison, Corporation Counsel* (*Theodore Connoly* and *I. J. Beaudrias* of counsel), for city of New York, respondent. The report of the commissioners of appraisal herein is a second report upon a new appraisal, and under the statute under which these proceedings are had such a report is final and conclusive and no appeal therefrom is permitted. (L. 1893, ch. 189; *People ex rel. S. & U. H. R. R. Co.* v. *Betts*, 55 N. Y. 600; *Matter of P. P. & C. I. R. R. Co.*, 85 N. Y. 489; *Matter of S. B. R. R. Co.*, 141 N. Y. 532; *Matter of Fitch*, 147 N. Y. 334.)

HAIGHT, J. In 1893 proceedings were instituted by the commissioner of public works of the city of New York to

acquire, through condemnation, the lands and waters of Lake Gleneida in Putnam county as a part of the water supply of the city of New York. These proceedings resulted in a report of the commissioners appointed to appraise and determine the interest of the claimants in the land sought to be taken, which report, upon motion, was set aside at Special Term and new commissioners appointed, upon the ground, as stated by the judge, that "so much improper evidence was admitted by the commissioners it is clear an erroneous measure of damage was adopted by them if they paid any attention to the evidence, as they apparently did." An appeal was thereupon taken to the Appellate Division, which court affirmed the decision so far as the Raymond and Cole claimants were concerned. (72 App. Div. 394.) Thereupon an appeal was taken to this court, but the appeal was dismissed upon the ground that the order of the Appellate Division appealed from was not final. (173 N. Y. 640.) Subsequently the new commissioners of appraisal made their report, and thereupon the counsel for the Raymond claimants served upon the corporation counsel for the city and upon the attorneys for the Cole claimants objections to the report and a notice of motion for an order that the report be not confirmed but sent back to the commissioners for correction upon the ground that the claim and easement of the Cole claimants in and over said lake had previously been extinguished and that no award should have been made to them and that the Raymond claimants should have received a larger award, for the reason that their ownership was not subject to the easement of the Cole claimants. This motion was heard in connection with the motion to confirm the report and upon such hearing the motion to send the report back to the commissioners was denied and the report was confirmed. Thereupon an appeal was taken by the Raymond claimants to the Appellate Division, which appeal has been dismissed upon the ground that the second report by the commissioners was final and conclusive upon all parties and persons interested.

These proceedings were instituted under chapter 189 of the Laws of 1893, which, so far as essential for the determination of the question now presented, is as follows: "Section 16. The application for a confirmation of the report shall be made to the Supreme Court, at a Special Term thereof, held in the second judicial district. Upon the hearing of the application for the confirmation thereof, the said court shall confirm such report, and make an order containing a recital of the substance of the proceedings in the matter of the appraisal, with a general description of the real estate appraised and for which compensation is to be made," etc. "Section 22. Within twenty days after the notice of the confirmation of the report of the commissioners, as provided in the sixteenth section of this act, ⁂ ⁂ ⁂ either party may, by appeal or notice in writing to the other party, appeal to the Supreme Court from the appraisal and report of the commissioners. ⁂ ⁂ ⁂ On the hearing of such appeal the court may direct a new appraisal and determination of any question passed upon by the same or new commissioners in its discretion, but from any determination of the Special Term an appeal may be taken to the General Term, and from any determination of the General Term either party, if aggrieved, may take an appeal which shall be heard and determined by the Court of Appeals. In the case of a new appraisal the second report shall be final and conclusive on all parties and persons interested."

It will be observed that, under the provisions of section sixteen of the act, the report of the commissioners shall be confirmed by the Special Term and then, under section twenty-two, within twenty days after notice of such confirmation an appeal may be taken "from the appraisal and report of the commissioners," and that the court on such an appeal may direct a new appraisal, which new appraisal shall be final and conclusive. The practice prescribed by this statute was not followed in disposing of the report of the first commissioners of appraisal appointed by the court. Their report was not confirmed. No appeal was taken from their appraisal, but

instead their report was set aside by the Special Term and new appraisers appointed.

In *Matter of N. Y. C. & H. R. R. R. Co.* (64 N. Y. 60) it was held that the Supreme Court at Special Term had the power to vacate and set aside the report of commissioners and that the party aggrieved was not confined solely to the remedy by appeal to the General Term; that the setting aside of such a report was within the discretion of the Special Term which could be reviewed by the General Term but not by this court; that the grounds upon which the report of the commissioners could properly be set aside were for misconduct, palpable error or accident on the part of the commissioners, such as would authorize the setting aside of a verdict or the report of a referee. Following the practice approved in that case the Special Term set aside the first report of the commissioners and appointed new commissioners. This, as we have seen, involved the exercise of the discretion of that court, which was reviewable by the Appellate Division, but not by the Court of Appeals. This order, as we have seen, was affirmed in the Appellate Division but the appeal to this court was dismissed, and properly so, for it both involved the review of a discretionary order and was not an appeal from a final order in a special proceeding. What, then, was the effect of the order appointing new commissioners? Did they become commissioners empowered to make a second report that would be final and conclusive upon the parties? This question is answered by FOLGER, J., who delivered the opinion in the case alluded to, in which he says: "It is true that the order not only sets aside the report of the commissioners and again orders appraisal to be made, but it vacates the appointment of the first commissioners and makes a new appointment of others. The court had the power to revoke the appointment of the first commissioners for good cause shown, and it also had the power to set aside the confirmation of their report for good cause shown and to reject it. When those things were done there were no commissioners and no appraisal and no report, but there was

before the court the petition asking for an appraisal and for the appointment of commissioners to that end. The parties were all before the court. There was no reason why the court should not grant the prayer of the petition and appoint commissioners and order an appraisal. It was no more bound to name the same commissioners than to name the same referee in a kindred case. It would be a new appraisal in fact. In legal contemplation it would be an *original appraisal* for the other was then as if it had never been. So that the appraisal directed by the order appealed from will not be technically the new appraisal of the statute. (L. 1850, ch. 140, §§ 17, 18.) It will be the appraisal which the statute in the first instance authorizes. The fallacy is in assuming that the Special Term in vacating the prior orders was traveling in the path of the statute. It was exercising its inherent power over the proceedings of the court to annul, vacate and set them aside, which power stands by the side of the statute and goes with it. After this was done it entered again upon the way of the statute." It is quite true that the proceeding on review in that case was under the Railroad Law of 1850, but the provisions of that statute with reference to the setting aside of the report of the commissioners and the second report becoming conclusive upon the parties are substantially the same as the provisions of that under which these proceedings were instituted. We think that that case disposes of the question now under consideration in this case. The first report having been set aside by the Special Term for the reasons stated, must be regarded as no appraisal and no report and the new appraisal must, in legal contemplation, be regarded as the original appraisal. In no other way can the statute be complied with, for it distinctly gives to either party the right to a review of the determination of the Appellate Division by the Court of Appeals. This right the parties aggrieved have been deprived of if the first appraisal and report which has been set aside is to be treated as an original appraisal and the new appraisal made thereafter is to be regarded as the second appraisal and report which becomes final and conclu-

sive. We, therefore, conclude that the Appellate Division should not have dismissed the appeal, but that it should have heard the case upon the merits.

The order appealed from should be reversed and the proceedings remitted to the Appellate Division to proceed thereon, with costs of this appeal to the appellants.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Vann, Hiscock and Chase, JJ., concur.

Order reversed, etc.