vested of a portion of such land and the fee thereof vested in the appellant, subject to an easement therein by the city. The word "fee" has a definite and legal meaning, and is wholly inconsistent with the contention that an easement only in some portion of the land was authorized to be taken, or that as to such portions the appellant was not to be divested of all rights she had therein, but was to retain a right of way over it to that portion of her 66 acres not taken. Sweet v. B., N. Y. & P. Ry. Co., 79 N. Y. 293, 300, 301.

It is clear that the amendment is not authorized by section 23 of the statute. The authority therein given to the court is limited to "any defect or informality," neither of which forms the basis of the motion to amend. The action of the court in allowing the amendment does not operate to remedy a "defect or informality," but an alleged mistake or error on the part of the board of water supply in the petition and map, which changed its intention to acquire an easement, or the fee subject to an easement, in part of the land, to the acquisition of the absolute fee thereof. The amendments affect the substantial rights of the appellant, and bring the case within the rule that amendments of this character apply only to immaterial or clerical errors, or defects not affecting the substantial rights of the parties, and do not permit an amendment having the effect of those allowed in the case at bar. Matter of Application of N. Y. & W. S. R. R. Co., 89 N. Y. 453; Chester v. Buffalo Car Mfg. Co., 183 N. Y. 425, 76 N. E. 480; Bohlen v. Met. El. Ry. Co., 121 N. Y. 546, 24 N. E. 932.

Under these circumstances, I must vote for reversal of the order.

WOODWARD, J., concurs.

---

(140 App. Div. 339.)

### In re LAKE SHORE & M. S. RY. CO.

(Supreme Court, Appellate Division, Fourth Department.    October 12, 1910.)

EMINENT DOMAIN (§ 263*)—PROCEEDINGS—DETERMINATION OF COMMISSIONERS —CONCLUSIVENESS—SECOND APPRAISAL.

   Code Civ. Proc. § 3377, providing that, upon the hearing of the appeal from the final order of commissioners of appraisal, the court may direct a new appraisal and the report on the second appraisal shall be final and conclusive upon all parties, only applies to make the second appraisal conclusive, where both it and the former appraisal were upon the merits, so that, where an order of the Special Term confirming the first report of commissioners was reversed on the ground that one of the commissioners was an improper person, the second report of the commissioners was not conclusive; its first report not having been on the merits.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 687; Dec. Dig. § 263.*]

In the matter of the application of the Lake Shore & Michigan Southern Railway Company for the appointment of commissioners to ascertain the compensation to be made to the owners of and parties interested in land situated in the town of Hanover, county of Chautauqua, state of New York, proposed to be taken by such railway company, and claimed to be owned by Ida Dickinson and others.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On motion to dismiss an appeal from the final order confirming the report of commissioners for condemnation. Motion denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Randall, for the motion.
Hoyt & Spratt, opposed.

SPRING, J. In 1906 commissioners were appointed to appraise the lands of the defendants in condemnation proceedings. The report of the commissioners was filed and the award made confirmed by the Special Term, the plaintiff opposing.

Upon appeal to this court the order of confirmation was reversed and the report set aside solely upon the ground that one of the commissioners was "an improper person" to act in that capacity. 128 App. Div. 909, 112 N. Y. Supp. 1134. New commissioners were appointed and another award made, which has been confirmed by the Special Term; and the plaintiff has again appealed to this court. The defendants moved to dismiss the appeal on the ground that the second report of the commissioners was final and conclusive. Code Civ. Proc. § 3377; People ex rel., etc., v. Betts et al., 55 N. Y. 600; In Matter, etc., P. P. & C. I. R. R. Co., 85 N. Y. 489.

We think the statute referred to is not applicable to the present appeal. Upon the first appeal the merits were not considered, but the report was set aside for the reason that one of the commissioners was not qualified to act. The award was therefore a nullity, and the report confirmed by the final order now sought to be reviewed became the original report and appraisal. Matter of Daly, 189 N. Y. 34, 81 N. E. 560; Matter of N. Y. C. & H. R. R. R. Co., 64 N. Y. 60. In the case first cited the first report was set aside because an erroneous measure of damages was adopted founded on improper evidence. New commissioners were appointed, a new appraisal made, which was affirmed, and an appeal taken from the final order, which was dismissed by the Appellate Division on the ground that the order was final and conclusive. The order of the Appellate Division was reversed by the Court of Appeals. The court used this language at page 39 of 189 N. Y., at page 562 of 81 N. E:

"The first report having been set aside by the Special Term for the reasons stated must be regarded as no appraisal and no report, and the new appraisal must, in legal contemplation, be regarded as the original appraisal. In no other way can the statute be complied with, for it distinctly gives to either party the right to a review of the determination of the Appellate Division by the Court of Appeals. This right the parties aggrieved have been deprived of if the first appraisal and report which has been set aside is to be treated as an original appraisal and the new appraisal made thereafter is to be regarded as the second appraisal and report which becomes final and conclusive."

In each of these cases cited the report first made was set aside by the Special Term, and its order was affirmed on appeal, and it is the contention of the counsel for this motion that these authorities are not pertinent to a case where two reports have been confirmed by the Special Term. It was necessary for the plaintiff to appeal from the first order sustaining the report in order to establish the invalidity

·of the award, and, when it was held to be a nullity and the order reversed for that reason, the report became ineffectual for any purpose. The order confirmed a void report, and was not a final order within the meaning of the statute.

The second determination of the commissioners, if approved by the ·court, is conclusive where it and the previous decision have been upon the merits. Each appraisal must be made by a tribunal composed of competent, qualified commissioners· in order to constitute a legal award. If there was a disqualified commissioner, or misconduct on the part of any of them impugning the integrity of the award, the court on review may order another appraisal, and may continue to do so until a fair determination on the merits has been ·obtained.

If a brother of the defendants had participated in the determination, or if one of the commissioners had been corruptly induced to sign the report, the decision would be a nullity, and consequently it would not be a decision within the meaning of the Code provision referred to.

The motion to dismiss the appeal should be denied with $10 costs. So ordered. All concur.