In re BOARD OF RAPID TRANSIT RAILROAD COM'RS FOR CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. March, 1911.)

EMINENT DOMAIN (§ 238*)—EASEMENTS—CONDEMNATION—ELEVATED RAILROAD —REPORT OF COMMISSIONERS—CONFIRMATION.

   Rapid Transit Act (Laws 1891, c. 4) § 52, as added by Laws 1894, c. 752, and amended by Laws 1895, c. 519, § 25, and Laws 1909, c. 498, § 19, provides that application for confirmation of the report of commissioners shall be made to the Supreme Court at a Special Term thereof, and on the hearing the court shall confirm the report and make an order reciting the substance of the proceedings in the matter of appraisal, etc. Section 58 declares that within 20 days after notice of confirmation either party may appeal to the Appellate Division, and on the hearing the court may direct a new appraisal and determination of any question passed on by the same or new commissioners, in its discretion, and from any determination of the Appellate Division either party may appeal to the Court of Appeals, and that such appeal shall be heard on the evidence taken before the commissioners and any affidavits as to irregularities, etc. *Held*, that the Special Term has no jurisdiction to review the proceedings of the commissioners, but that it is its duty to confirm

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the report as a matter of course; the right of review arising entirely, in the first instance, in the Appellate Division.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619; Dec. Dig. § 238.*]

In the matter of the application of the Board of Rapid Transit Railroad Commissioners for and on behalf of the City of New York to acquire easements for the construction, maintenance, and operation of an elevated railroad in Westchester avenue, Southern Boulevard, and Boston Road in the borough of the Bronx. On motion to confirm report of commissioners of appraisal appointed under the Rapid Transit Act. Motion granted.

Archibald R. Watson, Corp. Counsel (Joel J. Squier and Edward J. Kenney, Jr., of counsel), for City of New York.

Henry H. Sherman, for owner of parcel No. 89.

Joseph A. Flannery (Edward Kaufman, of counsel), for owner of parcel No. 17.

A. C. & F. W. Hottenroth (William H. Daigneault, of counsel), for owners of parcels Nos. 5, 12, 88, 95, 96, 97, 101, 109a, 122, 128, 145, 162, 164, 165, 169, 170, 178, 193, 251a, and 254.

Armon Spencer, for owners of parcels Nos. 94, 158, 163, 164a, and 229.

Bogart & Bogart, for owners of parcels Nos. 243 and 244.

Banton Moore, for owner of parcel No. 269.

James F. Donnelly, for owner of parcel No. 156.

William R. Conklin (Banton Moore, of counsel), for owner of parcel No. 183.

GIEGERICH, J. The corporation counsel in his main brief suggests that the report as to certain damage parcels be returned to the commissioners for correction. Unless the persons interested in the parcels referred to consent, I do not see how, under the provisions of the act under which these proceedings were instituted (Rapid Transit Law 1891, c. 4), I have the power to make such correction. Section 52 of such act, as added by Laws 1894, c. 752, and further amended by Laws 1895, c. 519, and Laws 1909, c. 498, § 19, provides:

"The application for the confirmation of each such report shall be made to the Supreme Court at a Special Term thereof held in the judicial district in which said city is situated. Upon the hearing of the application for the confirmation thereof the said court shall confirm such report and make an order containing a recital of the substance of the proceedings in the matter of the appraisal, with a general description of the property appraised and for which compensation is to be made, and shall also direct to whom the money is to be paid, and whether or not any part thereof, and if so, what part, is to be deposited by the comptroller or other chief financial officer of said city with the chamberlain of said city, or, if there be no chamberlain, with a bank or trust company to be designated by said court. Such report, when so confirmed, shall, except in the case of an appeal, as hereinafter provided, be final and conclusive, as well upon the said city as upon owners and all persons interested in or entitled to said property, and also upon all other persons whomsoever."

Section 58, so far as applicable, provides:

"Within twenty days after notice of the confirmation of the report of the commissioners, as provided for in section fifty-two of this act, which notice may, as to parties who have not appeared before the commissioners, be given in the manner provided in section fifty-one of this act, either party may appeal to the Appellate Division of the Supreme Court in the department in which such commissioners were appointed from the appraisal and report of the commissioners and the order confirming the same. Such appeal shall be heard upon due notice thereof being given according to the rules and practice of said court. On the hearing of such appeal the court may direct a new appraisal and determination of any question passed upon by the same or new commissioners, in its discretion, and from any determination of the Appellate Division either party, if aggrieved, may take an appeal, which shall be heard and determined by the Court of Appeals. * * * Such appeal shall be heard upon the evidence taken before said commissioners, and any affidavits as to irregularities, and three printed copies of such evidence shall be furnished by the said city to the party taking the appeal within ten days after the appeal is perfected, and such appeal may be heard on the evidence so furnished, and may be taken without security thereon." Added by Laws 1894, c. 752, and amended by Laws 1909, c. 498.

Mr. Justice Burr, in Matter of Low, 134 N. Y. Supp. 444, in a well-considered opinion, in the reasoning of which I fully concur, passing upon the above-cited provisions, held that the court at Special Term had no power to review the proceedings of the commissioners, and it was its duty to confirm their report as a matter of course, and that the provisions above cited clearly indicated that the review of the acts of the commissioners was to be at the Appellate Division. The learned justice, in the course of his opinion, said:

"A conclusive reason why the act of the Special Term is merely formal is found in the provisions of the same section that the record before the Appellate Division shall consist of the evidence taken before the commissioners and any affidavits as to irregularities. There is no provision for submitting the same affidavits to the court at Special Term. The result might be that the record in the Appellate Division would be different from that submitted to the court at Special Term."

It is urged by counsel for claimants that the order which was made in the matter just cited was reversed on appeal. 128 App. Div. 103, 112 N. Y. Supp. 619; Id., 197 N. Y. 81, 90 N. E. 456, 18 Ann. Cas. 366. The point under discussion does not, however, appear to have been raised in the Appellate Division, which, as I read the opinion of that court, was assumed by the court and counsel to be the original tribunal for the consideration of the report of the commissioners; the appeal being from the appraisal and report of the commissioners and the order confirming the same, as prescribed by section 58 of said act. The Court of Appeals considered certain questions certified to it, but none of them involved the point under discussion.

It is urged by counsel for claimants that it was decided by the Court of Appeals in Matter of Daly, 189 N. Y. 34, 81 N. E. 560, that the court at Special Term has the power to review the report of commissioners, even though the statute provides for a formal confirmation at Special Term. It will be seen, however, from a reading of the opinion of the court, that the only question decided was that, the final report having been set aside by the Special Term, it must be considered

as no report, and the report of the new commissioners appointed by the Special Term must be considered as the original report, and not as the second report, which the statute provided shall be final and conclusive, and from which no appeal could be taken. As pointed out in the opinion of the court in that matter (189 N. Y. 34, 81 N. E. 560), the statute under which the proceedings were instituted (Laws 1893, c. 189) provides that the report of the commissioners shall be confirmed by the Special Term, and within the time specified by the act an appeal may be taken "from the appraisal and report of the commissioners," and that the court on such appeal may direct a new appraisal, which new appraisal shall be final and conclusive. Continuing, the court further said (189 N. Y. 37, 81 N. E. 561):

"The practice prescribed by this statute was not followed in disposing of the report of the first commissioners of appraisal appointed by the court. Their report was not confirmed. No appeal was taken from their appraisal but, instead, their report was set aside by the Special Term, and new appraisers appointed."

That decision is not, therefore, as argued by counsel for claimants, an authority in their favor, but, on the contrary, should be considered as an authority to the effect that the statute contemplates a formal confirmation, and not a review of the decision of the commissioners at Special Term. By no other means can a final report ever be obtained. All reports prior to the confirmation at Special Term are futile, and only serve to delay the proceedings and increase the expense.

In accordance with the views above expressed, I make no attempt to consider the numerous objections which have been urged against the report, but grant the motion to confirm it, except as to certain parcels, in respect to which the parties consent that the report be returned to the commissioners for correction.

Settle order on notice.