### In re WILLCOX.
### In re MANHATTAN LOOP NO. 1.

(Supreme Court, Special Term, New York County. February 27, 1912.)

1. EMINENT DOMAIN (§ 237*)—CONDEMNATION—REPORT OF COMMISSIONERS—CONFIRMATION—POWER OF COURT.

Though Rapid Transit Act (Laws 1891, c. 4) § 52, as amended by Laws 1909, c. 498, § 19, provides that application for confirmation of the report of commissioners of appraisal shall be made to the Supreme Court at Special Term, and on the hearing the court shall confirm the report and make an order reciting the substance of the proceedings in the matter of appraisal, the Special Term has power to review the proceedings of the commissioners, and where awards to an owner, lessee, and sublessee for the taking of premises disclose error of principle, the Special Term may refuse confirmation and direct a rehearing before new commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 157*)—CONDEMNATION—DAMAGES—APPORTIONMENT.

A city obtained title in condemnation proceedings to a lot at a time a lessee had an unexpired term of seven years. The lessee was to pay $3,000 per annum, and was entitled to the reasonable value of the building on the lot at the expiration of the term. He had made a sublease to a sublessee for the full term at a rental of $6,000. The building was not an adequate improvement, and its value was less than one-third of the total value of the premises. Held, that an assessment of damages against the owner and in favor of the sublessee, independently of the apportionment of loss as between the owner and the lessee, was unwarranted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 427; Dec. Dig. § 157.*]

3. EMINENT DOMAIN (§ 238*)—CONDEMNATION—DAMAGES.

Where commissioners of appraisal adopted an extravagant rental value of the land sought to be taken, the fee award should be re-examined.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619; Dec. Dig. § 238.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceedings for the acquisition of property under the Rapid Transit Act. On motion to confirm report of commissioners of appraisal. Report confirmed in part, and awards set aside in part.

A. R. Watson, Corp. Counsel, for Willcox.

Chas. M. Russell (Leo C. Dessar, of counsel), for Harder, lessee of premises.

Michael J. Mulqueen, for Levy and others, sublessees of premises.

BISCHOFF, J. [1-3] Analysis of the awards made to the owner, lessee, and sublessee for the taking of premises Nos. 119–121 Walker street discloses error of principle which calls for a new estimate. The premises consisted of a lot of land 50 by 100 feet, upon which was erected a four-story loft building. A ground lease to the tenant Harder had an unexpired term of seven years when title vested in the city. Under this lease the tenant was to pay in the form of rent and taxes approximately $3,000 per annum, and was entitled to the reasonable value of the building at the expiration of the term. Harder had made a sublease to one Levy for the full term of the main lease at a rental of $6,000 per annum. An award for the premises in gross has been made in the sum of $100,381, of which $40,100 is awarded to the owner, $39,281 to the lessee, and $21,000 to the sublessee. The leasehold interests in gross as thus estimated amount to 60 per cent. of the full fee value where the lease had about seven years to run, an apportionment which indicates upon its face an injustice to the owner, unless the real value of the premises is to be found in the building, not in the land, or the rental reserved was unreasonably low.

From the proof it appears, however, that the building was not an adequate improvement, that its value was less than one-third of the total value of the parcel, and that the rental of $6,000 per annum paid by Levy was justified mainly by his need of obtaining space to be used in connection with adjoining premises in which his business had become established. Assuming, however, that the $6,000 rental is based on none but ordinary market conditions, the award to the sublessee is clearly excessive, since it indicates that he has obligated himself to pay $3,000 per annum less than the real net rental value; but it is impossible to find from the evidence that these premises could have a net rental value of $9,000 a year. The estimates of leasehold values testified to by the witness Green were quite clearly opposed to reason, according to the basis given by the witness himself for the figures which he adopted.

Again, if $9,000 were the net rental value, it would represent 9 per cent. of the fee value found, an investment rate so out of proportion with the customary return from real estate as to be impossible of adoption without special circumstances to explain it, and there are none. It would appear that the principal lessee has lost a fairly profitable sublease; but if the sublessee was damaged at all, and the fact is hard to find, his damages are to be carved out of the damages to the leasehold. An assessment of damages against the owner of the fee and in favor of the sublessee, independently of the apportionment of loss as between the owner and the main lessee, is wholly unwarranted. While there is some opinion evidence to support the award in gross of $100,381, the amount is objected to by the city as exces-

sive, and since an extravagant rental value has evidently been adopted by the commissioners the fee award (related as it necessarily is to rental values) should be re-examined.

So far as the words of the statute (Rapid Transit Act, § 52; Laws 1909, c. 498, § 19) appear to require the court to confirm the report upon presentation, the court's power of review none the less exists, according to judicial interpretation of statutes identically framed. Matter of Daly, 189 N. Y. 34, 81 N. E. 560; Matter of Gilroy, 43 App. Div. 359, 60 N. Y. Supp. 200; Id., 164 N. Y. 576, 58 N. E. 1087.

The award of $58,000 for the premises No. 142 Center street is not well open to attack upon the evidence. According to the testimony of one of the witnesses for the city the building had a value of over $5,000, treated as an improvement adequate only to carry the investment in the land, and the witnesses for the owner testified to land values in excess of $53,000. I do not find from the record that the opinions of these witnesses were necessarily confirmed by the facts, and the quantum of the award was within the commissioners' judicial province.

Report confirmed as to premises No. 142 Center street. As to premises Nos. 119–121 Walker street, the awards are not confirmed, and a rehearing of the facts is directed before new commissioners. An order may be presented accordingly.

NEWBERGER, J., concurs.