New York Central Railroad Company, Appellant-Respondent, v. Richard F. Harrison et al., Respondents-Appellants, et al., Defendants.

Fourth Department, January 18, 1952.

*H. Duane Bruce* for New York Central Railroad Co., appellant-respondent.

*Nathaniel L. Goldstein, Attorney-General,* for the Comptroller of the State of New York, Department of Public Works of the State of New York, and the People of the State of New York, appellants-respondents.

*Stewart F. Hancock* for Richard F. Harrison, Arlene L. Harrison, Federal Deposit Insurance Corporation and Stewart F. Hancock and others as executors of Marion M. Hancock, respondents-appellants.

*Per Curiam.* Appeals have been taken from the final order of confirmation of the report of the commissioners dated August 31, 1950, by the plaintiff, the Comptroller of the State of New York, the Department of Public Works of the State of New York, the People of the State of New York, and the County of Onondaga. The report was confirmed on motion by the defendants and the Special Term denied the defendants' alternative motion to send the report back to the commissioners. The defendants have therefore taken an appeal from the final order to preserve their rights and in their notice of appeal they did not waive their right to ask for a dismissal of the plaintiff's appeal on the ground that no appeal could be taken from the final order. The plaintiff not only opposed the motion for confirmation of the report, but also moved to set aside the report and refer the matter " to new commissioners with directions for them to carry out and perform the functions specified in this Court's order herein entered March 5, 1948 ". The notices of appeal by the plaintiff and by the State and county also ask for a review of the order of Special Term of March 5, 1948, which referred the proceeding back to the same commissioners " for rehearing and a supplemental report in conformity with the provisions of the decision herein of said Appellate Division, dated October 3, 1947 ". This court has heretofore reviewed the order of March 5, 1948, on appeal therefrom by the plaintiff, the Attorney-General and the Corporation Counsel of Syracuse for the Syracuse Grade Crossing Commission. At that time, the County of Onondaga took no appeal from said order, although it was represented in the proceeding by its attorney. The order of the Special Term was affirmed. (*New York Central R. R. Co.* v. *Harrison,* 274 App. Div. 845.) The present appellants are therefore bound by the decision of this court affirming the order of March 5, 1948, and no further appeal therefrom lies. The appeals by the plain-

tiff and others, insofar as they relate to the order of March 5, 1948, must be dismissed.

We do not think that the record sustains the plaintiff-appellant's contention that the report of the commissioners of August 31, 1950, is illegal and void and that the commissioners failed or refused to follow the rule on the measure of damages which was laid down in the opinion of this court in 1947 (272 App. Div. 531). We are satisfied that the commissioners were not biased but that, on the contrary, they heard the proofs of the parties fairly and impartially, and made their findings and report in conformity with the opinion of this court. The commissioners did not agree that the erection of a structure on the railroad's own property rendered the defendants' building totally worthless. They did recognize, however, that such erection would lessen the value of the building, and that such diminution in value could not be recovered by the defendants. Taking into account, therefore, the plaintiff's right to use its own property adjacent to defendants' property, and that such right of use by the plaintiff diminished the before value of the whole property, the commissioners ascertained and reported the consequential damages resulting from the taking of Parcel No. 316, and injury and damages caused by the taking to the easements of light, air and access over James Street and North State Street to be $114,327 and the value of Parcel No. 316 to be $400, making a total award of $114,727. We think the evidence sustains the commissioners' determination, and that the Special Term was correct in confirming the same. That portion of the order of the Special Term which denied the motion of the plaintiff to set aside the report and to refer the matter to new commissioners should be affirmed.

The defendants at the November, 1950, Term of this court, made a motion to dismiss the appeals taken by the plaintiff and the other appellants on the ground that, pursuant to section 21 of the Condemnation Law, the report of the commissioners was final and conclusive. At that time, this court denied the defendants' motion to dismiss, with leave to renew upon the argument of the appeal. It was then the contention of the plaintiff, as it is on this appeal, that section 21 of the Condemnation Law does not preclude an appeal from a final order of confirmation, where the report is illegal and void by reason of bias, prejudice or bad faith on the part of the commissioners, or where the commissioners have arbitrarily failed or refused to follow the proper rule in determining the damages. With this contention, we agree. (*Matter of New York, L. & W. Ry. Co.*, 1 Silvernail

Ct. App. 79, 102 N. Y. 704; *Matter of Southern Boulevard R. R. Co.,* 141 N. Y. 532.) We were unable, at the time the motion to dismiss the appeals was first before us, to determine upon the papers then presented, whether there was fraud or illegality in the making of the report. Upon the whole record, we have now found no such fraud or illegality. The appeal from the order of confirmation of the first report was upon the merits. The order was reversed (272 App. Div. 531) and a new appraisal was ordered. The final order was not reversed for fraud, bad faith, or irregularity. The opinion said (p. 543) : " The result so far has been, and is now, to require that this proceeding again go to Special Term so as to afford consideration by a commission in accordance with the viewpoint expressed in this opinion ". By order of the Special Term, the proceeding was sent to the same commissioners for rehearing and " supplemental report ". This last report was complete in itself and independent of the former one. The fact that it was characterized as " supplemental " is not important. It was the result of a new appraisal, and has been confirmed by the order here appealed from. We hold, therefore, that section 21 of the Condemnation Law precludes these appeals. The second report of the commissioners was final and conclusive upon all the interested parties. (*Matter of Prospect Park & C. I. R. R. Co.,* 85 N. Y. 489; *People ex rel. Schuylerville & U. H. R. R. Co.* v. *Betts,* 55 N. Y. 600.) We said in *Matter of Lake Shore & Michigan Southern Ry. Co.* (140 App. Div. 339), where, on the first appeal, the merits were not considered, and therefore section 3377 of the Code of Civil Procedure was inapplicable: " The second determination of the commissioners, if approved by the court, is conclusive where it and the previous decision have been upon the merits ". (P. 341.) In the instant case, the first appeal having been upon the merits, and there being no illegality, fraud, mistake, or bad faith in regard to the second report, the second report became final and conclusive, and no appeal lies from the final order of confirmation. The policy in this State has been to allow only one appeal on the merits from a final order in condemnation proceedings. Judge EARL said in *Matter of Prospect Park & C. I. R. R. Co.* (*supra,* p. 499) : " Without any violation of the Constitution, the legislature could have made the first report final and conclusive, and that would have been the very ' process of law ' provided by the Constitution. The commissioners may err like any other tribunal of final resort, and for such error there is no remedy ".

The defendants' motion to dismiss the appeals must be granted under section 21 of the Condemnation Law. In thus disposing of the appeals of the plaintiff and others, we feel we ought to say that, were we to review it on the merits, we think we would have been obliged to affirm. The appeal by the defendants from the order of confirmation should also be dismissed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Final order and judgment entered August 31, 1950, appealed from by the New York Central Railroad Company, the Comptroller of the State of New York, the Department of Public Works of the State of New York, the People of the State of New York, and the County of Onondaga insofar as it denied the motion of the plaintiff to set aside the report and to refer the matter to new commissioners, affirmed without costs of this appeal to any party. Motion on the part of some of the defendants to dismiss the appeals taken to this court by the New York Central Railroad Company, the Comptroller of the State of New York, the Department of Public Works of the State of New York, the People of the State of New York, and the County of Onondaga, from certain parts of the final order and judgment entered August 31, 1950, and which was renewed on the argument of the appeal, granted and said appeals dismissed, without costs, except as to that part of the final order and judgment which is affirmed. Appeals of the New York Central Railroad Company, the Comptroller of the State of New York, the Department of Public Works of the State of New York, the People of the State of New York, and the County of Onondaga, from the order entered March 5, 1948, dismissed, without costs. Appeal of the defendants from a certain part of the final order and judgment entered August 31, 1950, dismissed without costs.