MAURICE E. MILLER et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 29417-A.) — Motion for reargument denied; motion for resubmission to the Court of Claims denied; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 279 App. Div. 1139.]

JACOB DUBBS et al., Appellants, v. EDWARD CHERNILA et al., Respondents.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See 279 App. Div. 1142.]

In the Matter of RAYMOND H. DODGE, as Commissioner of Public Works of the City of Syracuse Relative to Acquiring Title to Real Property for a Housing Project of Syracuse Housing Authority, Being State-Aided Housing Project No. 35.— Motion to dismiss appeal granted. Memorandum: In this condemnation proceeding, pursuant to chapter 300 of the Laws of 1914, as amended by chapter 69 of the Laws of 1921, this court reversed the first order which confirmed the first report of the commissioners (278 App. Div. 743) and remitted the matter to the same commissioners "for a rehearing to receive any relevant evidence which the parties may offer as to comparable sales and to make a report in accordance with the memorandum" of this court. Thereafter, a rehearing was had and a second report made by the commissioners. This report was duly confirmed by Special Term on May 9, 1952. The petitioner appealed from the second report and the order of confirmation. The respondent has moved to dismiss the appeal " on the grounds that the report of the commissioners herein dated May 2, 1952, which was confirmed by the said order and judgment, is final and conclusive upon all parties interested herein and no right of appeal exists therefrom." The statute above referred to (§ 2) allows an appeal by either party and provides that upon such appeal, the Appellate Division may affirm or modify the order, " or [may] reverse the same and remit the proceedings to the same commissioners or to new commissioners to be appointed by the special term and their report shall be final." There is no claim by the appellant that there was any fraud, illegality or bad faith connected with either the first or second report. The first appeal was upon the merits and the present appeal is not governed, therefore, by the rule in *Matter of Daly* (189 N. Y. 34) or *Matter of Lake Shore & M. S. Ry. Co.* (140 App. Div. 339). The second report complied with the decision and memorandum of this court on the first appeal and from the second report and order confirming it, there is no appeal. (*New York Central R. R. Co.* v. *Harrison,* 279 App. Div. 341, and cases there cited.) The motion to dismiss the appeal is granted.