CITY OF MECHANICVILLE, Appellant, v. SIDNEY V. FORT, JR., et al., Respondents.— Appeal from an order of the County Court of Saratoga County at Special Term, entered June 21, 1972 in Saratoga County, which confirmed a report of Commissioners of Appraisal awarding damages for the condemnation of defendants' property in the City of Mechanicville. The City of Mechanicville, on behalf of the Mechanicville Urban Renewal Agency, condemned two parcels of land owned by defendants located on North Main Street in the City of Mechanicville, New York. One parcel comprised a total area of 13,891 square feet on which were a collection of buildings both commercial and residential. On one corner of this parcel fronting directly on North Main Street was a two-story store building which was leased for the operation of a hardware store. The second floor contained a six-room apartment which was rented. Set back from the street was a structure referred to as the "Old Cobblestone House" which was used as a residence by defendant, Drucilla Fort. A garage and frame warehouse were situated

behind the house. The second parcel was a vacant lot of 3,596 square feet. Both parcels were zoned commercial. The Commissioners of Appraisal found that the highest and best uses of the properties were commercial and residential, and awarded damages in the sum of $65,000. The report of the Commissioners stated: "In arriving at the amount of damages sustained by the defendant, the Commissioners have considered and applied cost, income and market data approaches to value, and in addition, have made what we believe to be adequate compensation for the historical and architectural value of the Old Cobblestone House." Defendants used three expert real estate witnesses. Their first expert to testify was one Spaulding, a real estate broker and appraiser. He testified that the highest and best use of the property was for commercial and residential purposes. He valued the commercial portion utilizing the market data approach, and based on five comparable sales, arrived at a value of $40,000. Regarding the Old Cobblestone House, he testified that the cost approach, the income approach and the market approach were not applicable, so he adopted the "opinion" approach and arrived at a value for the Old Cobblestone House and the residential land of $95,000. He valued the vacant land at $3,500, thus reaching a total valuation of $138,500. Defendants' second expert witness, a specialist in the restoration of historic buildings, testified that the highest and best use for the Old Cobblestone House was as an architectural and historical monument, and valued the property at $250,000. Defendants' third expert, a professor of architecture, valued the Old Cobblestone House at $300,000, representing his best judgment as to the historical and architectural value of the building. Plaintiff presented one expert witness, a real estate broker and appraiser, who based his valuation of all the buildings on the income approach, estimating rental income for both the house and the store building. He arrived at a value for all the buildings of $18,500, and testified that the highest and best use for the house was as a dwelling, and that the highest and best use for the store and related buildings was as commercial property. He determined a value of $1,000 for the vacant lot. Although there was no finding by the Commissioners that the Old Cobblestone House was a specialty, there is implicit in their valuation of the properties an item of damage for the historical and architectural value of the Old Cobblestone House. Defendants' architectural experts testified that, in their opinion, the property should be considered as "notable" and "unique" and was of "some architectural significance". However, in view of the findings that the highest and best uses of the properties were commercial and residential, any historical and architectural aspects of the Old Cobblestone House were not compensable, and the report of the Commissioners of Appraisal was erroneous, wherein it indicated that the Commissioners had included an item of damages "to be adequate compensation for the historical and architectural value of the Old Cobblestone House." Since the Commissioners found that the highest and best use of the Old Cobblestone House was as a residence, they could have awarded an increment of compensation for the house's historical and architectural character only to the extent that such aspects enhanced the market value of the house as a residence. Defendants' witnesses did not present any evidence of market value data concerning the valuation of the Old Cobblestone House, and specifically no comparable sales adjusted to reflect an increased value for the house's historical and architectural value. The record does not support the award of the Commissioners and, as a matter of law, their report erroneously included an increment for the intrinsic historical and architectural value of the Old Cobblestone House. Determinations

of Commissioners of Appraisal based on an erroneous principle of law must be rejected. (*Amsterdam Urban Renewal Agency* v. *Masonic Assn. of Amsterdam*, 39 A D 2d 617; *Kingston Urban Renewal Agency* v. *Strand Props.*, 33 A D 2d 594.) Order reversed, on the law and the facts, without costs, and proceeding remitted to the County Court of Saratoga County for remittal to the same or new Commissioners of Appraisal for further proceedings. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.