■ In the Matter of Ernest W. Speach, as Commissioner of Public Works of the City of Syracuse, Appellant-Respondent, v Gordon H. Smith et al., Respondents-Appellants.—Order and judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: These are cross appeals from an order and judgment which confirmed a supplemental report of commissioners of condemnation. Plaintiff city appeals from the amount of damages awarded by the commissioners and defendant property owners appeal from the order of Special Term which awarded them a special allowance for costs at the rate of 3½% (see Condemnation Law, § 16). The proceeding is before us for the third time. The valuation of the property which is the subject of this condemnation has proved troublesome because of the lack of comparable properties with the same Residential A zoning classification. Both appraisers therefore used comparable properties zoned Office A and adjusted the values downward to Residential B-1, a zoning classification which the subject property had not yet achieved but which, upon the evidence in the record, was probable had the property not been taken by condemnation. On the first appeal *(Speach v Smith,* 46 AD2d 1001) we modified a judgment awarding $871,800 to $653,850, finding that the commissioners had incorrectly found an adjusted value for the subject in the lower amount which reflected the possible Residential B-1 zoning classification and then adjusted it upward to $871,800 for the probability of rezoning, in effect compensating the property owner twice for that item. We therefore deducted the 30% increment to arrive at the modified award. The property owners' motion for reargument was granted and upon reargument we vacated our prior order and remitted the matter to the commissioners to clarify their award because there was no evidence of value of Residential A property in the record and we noted that no result other than the original decision was possible "on this record" unless the commissioners found value was erroneous *(Matter of Speach v Smith,* 48 AD2d 1008). Upon reconsideration the commissioners did not receive additional evidence but merely recomputed their figures and once again incorrectly determined damages which compensated the owners as if the rezoning of the subject property from Residential A to Residential B-1 was an accomplished fact. While the record demonstrates a substantial probability that this property would have been rezoned to Residential B-1 and the owners were entitled to damages which reflected that probability (see *Matter of County of Nassau [Cohen],* 39 NY2d 574; *Masten v State of New York,* 11 AD2d 370, affd 9 NY2d 796) it was error not to discount the appraisers' adjusted values for Residential B-1 because the subject was zoned Residential A at the time of taking. Rather than remit the matter or direct the appointment of new commissioners we find that the value of

$871,800 for the property as if it were zoned Residential B-1 should be reduced 20% to the sum of $697,440 to take into consideration the fact that rezoning had not occurred. We agree with the city that the sum of $871,800 found in the commissioners' original report contained a mathematical error but the error was not repeated in the supplemental report, although upon reconsideration the commissioners found the same dollar result. The owners also contend that we are without jurisdiction to reconsider this matter after once remitting it (see Condemnation Law, § 21; Condemnation Statute for City of Syracuse, L 1914, ch 300, as amd; and see *New York Cent. R. R. Co. v Harrison,* 279 App Div 341, 344). However, we retain the power to correct the judgment after a remittitur when the commissioners fail to follow our instructions as they have in this matter. If we were not modifying, we would vacate the judgment and order the appointment of new commissioners to retry the matter. The cross appeal requests that the court's order and judgment be modified to award additional costs at the rate of 5% instead of 3½%, and we modify the allowance to that extent (see *Matter of Dodge v Tierney,* 40 AD2d 936). (Appeal from order and judgment of Onondaga Supreme Court—condemnation.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.