■ CITY OF MECHANICVILLE, Appellant, v SIDNEY V. FORT, JR., Respondent.—Appeal from an order of the County Court of Saratoga County, entered June 7, 1976, which confirmed the report of the Commissioners of Appraisal. In January, 1966 condemnation proceedings were commenced by the City of Mechanicville against the respondent. After hearings the Commissioners of Appraisal, in a report, awarded respondent $65,000. This report was confirmed by the Saratoga County Court, but was reversed by this court in 1973 *(City of Mechanicville v Fort,* 43 AD2d 645). We concluded that the commissioners could award an increment of compensation for the disputed historical and architectural character of the house only to the extent that such aspects enhance the market value of the house as a residence. Upon rehearing, the same commissioners took new testimony and, by their report dated November 29, 1975, awarded respondent the same amount awarded at the first hearing and the report stated "the commissioners have considered and applied the income and market data approaches to value and have considered and awarded an increment of compensation for the historical and architectural character of the old cobblestone house only to the extent that such aspects enhance the market value of the old cobblestone house as a residence". The Saratoga County Court confirmed the report and awarded the maximum allowance plus appropriate interest. On this appeal we note that the Legislature has severely limited appeals in condemnation proceedings by providing that the appellate court may direct a new hearing and appraisal before the same or new commissioners and

that the report of such commissioners shall be final and conclusive (Condemnation Law, § 21). The courts have interpreted this section to allow an appeal from the first report and to preclude appeals from subsequent reports after remittance, except in cases of bias, prejudice or bad faith on the part of the commissioners, or where they have arbitrarily failed or refused to follow the directions of the court or the proper rules in determining damages (New York Cent. R. R. Co. v Harrison, 279 App Div 341). The appellant herein urges that the commissioners arbitrarily refused to follow the proper rules of damages. This record does not support the appellant's argument. In fact, the report of the commissioners affirmatively indicates that they did follow this court's decision. In addition, wide latitude is afforded the commissioners in reaching a decision (Matter of Huie [Fletcher —City of New York], 2 NY2d 168). The commissioners, after testimony and personal inspection of the premises, found the best use of the property was as a residence, rejected the specialty theory and determined the residential value to be $65,000. Appellant urges that this record cannot support the figure set by the report. On the basis of testimony as to the construction of the house, such as hand blown glass in the windows, handmade nails and cobblestone walls, and upon the personal inspection of the appraisers, there is sufficient evidence in the record to support the determination of the commissioners that the historical and architectural character of the house enhanced the market value to the extent of $45,500. Appellant further urges that the court abused its discretion in awarding the maximum allowance of additional costs to the defendant. Although the record of these hearings reveals nothing extraordinary about the case and the hearings were not extensive, we cannot say that the court abused its discretion in awarding an extra allowance. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.