■ AMSTERDAM URBAN RENEWAL AGENCY, Appellant, v NICHOLAS MEOLA, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 26, 1975 in Montgomery County, which confirmed the report of the Commissioners of Appraisal and ordered, *inter alia,* that compensation be paid by plaintiff to defendant in the sum of $34,500 plus interest, pursuant to a judgment of condemnation entered September 28, 1970. Condemnor Amsterdam Urban Renewal Agency, plaintiff herein, appeals from the order affirming the award of the Commissioners of Appraisal on the grounds that the same is excessive, contrary to the evidence and was the result of the erroneous admission of certain evidence. Plaintiff's primary contention is that the testimony of defendant's appraiser in support of a valuation of $65,000 at the time of the taking was not adequately supported by proper facts, wherefore its receipt into evidence was improper and reliance upon it by the commissioners in determining the amount of the award was impermissible. We agree that the testimony of defendant's appraiser leaves a great deal to be desired. However, in examining whether an award of the Commissioners of Appraisal is excessive, the standard by which we must measure such an award is whether it shocks the conscience of the court. In view of the testimony of plaintiff's appraiser ascribing to the property a valuation of $18,000, the evidence that the property was assessed by taxing authorities at a figure much closer to the value as found by the commissioners than to the value as testified to by plaintiff's appraiser, and the evidence as to the cost of purchasing and improving the property over the years, we do not find the award to be excessive. It is well settled that Commissioners of Appraisal are to be given wide latitude *(City of Mechanicville v Fort,* 56 AD2d 945). Here, they specifically found that the evidence could reasonably support the conclusion that the economic rentals on the property could be higher than the actual rentals relied upon by plaintiff's appraiser and as noted in the written decision of the court at Special Term, the "record includes evidence of comparable rents which applied to the formula used by both experts, would result in the approximate valuation decided upon by the Commissioners." Upon our examination of the record

we are of the view that this conclusion is fully warranted and that the inadequacies of the testimony of defendant's appraiser should go only to the weight to be given to his opinion. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.