(December 16, 1977)

■ In the Matter of the CITY OF ROCHESTER, Appellant, v JOHN DRAY, Respondent.—Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: The city appeals from a judgment which awarded damages to respondent for real property condemned by the city. The court determined that the value of the property was $110,990 and, after deducting the prepayment and adding interest, costs and disbursements and an additional 5% statutory allowance, judgment in favor of respondent was entered for $132,460.82. The property is vacant land fronting 82.4 feet on Clinton Avenue South, extending back in approximately the same width 350 feet and containing approximately 28,340 square feet. At the time of taking approximately 9,800 square feet of the front portion to a depth of 120 feet was zoned "community business district" and the remaining rear property was zoned "low density residential development". Respondent acquired the property in 1963, and after demolishing some old buildings he obtained a variance to permit use of the entire premises as a parking area for automobiles in conjunction with a new car dealership. The respondent's expert believed the highest and best use of the property was for commercial development either independently or as part of an assemblage with adjacent property. This would require rezoning of the rear portion of the property and he stated that, in his opinion, such rezoning would be permitted. Using the market data approach, he found the property had a value of $4.25 per square foot or $120,400. The city's expert found the same highest and best use for the front portion of the property but concluded that the highest and best use of the rear portion was for accessory parking. He did not believe that the rear portion would be rezoned "commercial" because of the market trends in the area. He evaluated the property by the market data approach and, using commercial comparables for the front portion and residential comparables for the rear portion, he found a total value of $32,247 ($22,050 for the commercial portion, $10,197 for the residential portion). The trial court adopted the evidence of respondent by dividing the property into commercial and potentially commercial property. It found a value of $4.25 per square foot for the commercial portion. Using a residential comparable of respondent's appraiser which had been granted a variance for parking, it found a value of $3.74 per square foot for the residential portion of the real property and a total value for the property of $110,990. While property CL-1 used by the city's appraiser

appeared to be closely comparable to the subject property, we agree with the trial court's action in rejecting the remaining comparables, particularly those used for the residential portion of the property. We find the respondent's evidence insufficient to support the award, however, and direct a new trial. Because respondent's appraiser failed to adjust his comparables properly, we are unable to make an intelligent review of his evidence. In each case, he adjusted only for time. All other differences between the subject and the comparable such as size, utility, location, etc., were aggregated in a composite figure for a degree of comparability represented by a percentage, e.g., 85%, 100%, 150%. This procedure is improper (see *Latham Holding Co. v State of New York,* 16 NY2d 41; *City of Buffalo v Diocese of Buffalo,* 42 AD2d 817). Furthermore, the evidence of probability of rezoning is entirely subjective and it is not clear whether the trial court found a probability of rezoning to commercial development or relied solely on the one residential comparable which had a variance for parking. If the property is to be valued on the basis of future commercial zoning, there must be evidence which is more than speculative or hypothetical. The evidence must establish that the rezoning is reasonably probable to support the court's determination and the value must be discounted to reflect the fact that the rezoning is not an accomplished fact (see *Matter of City of New York [Shorefront High School —Rudnick],* 25 NY2d 146, mod 26 NY2d 748; *Matter of Speach v Smith,* 53 AD2d 1024). (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.