■ HYMAN ROSENBLUM et al., as Executors and Trustees of FRANK E. SNOOK, Deceased, Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 57601.)—Cross appeals from a judgment of the Court of Claims, entered September 1, 1977, which awarded claimants the sum of $163,950 as a result of an appropriation by the State pursuant to section 30 of the Highway Law. Claimants, as executors, were the owners of approximately 104.63 acres of land located on both sides of the Columbia Turnpike, i.e., Routes 9 and 20, at its intersection with Route 150 in the Town of Schodack, Rensselaer County, when, on March 6, 1972, the State appropriated approximately 18.858 acres thereof for highway purposes. Thereafter, the instant claim was filed, and, following a trial, the court awarded claimants the sum of $163,500 plus interest thereon for the damages resulting from the appropriation. On these cross appeals, only two basic questions are presented for our determination, and we initially find without merit the State's contention that the court erred when it found that, prior to the appropriation, a portion of the subject property had a gas station highest and best use. Prior to the taking, the plot in question was situated at an intersection on a main highway in an area which had been designated for commercial development by the Town of Schodack. Additionally, the site had formerly been used for a gas station, and a major oil company had shown an interest in purchasing the parcel. Under these circumstances, even though a gas station use was not permitted on the site on the date of the appropriation, the court could justifiably conclude that the parcel had a highest and best use as a gas station and that there was a reasonable probability of the necessary zoning change being effectuated so as to permit such a use (see *Matter of City of Rochester v Dray,* 60 AD2d 766). Similarly, despite claimants' contention to the contrary, we cannot say

that the court erred as to another portion of the parcel in adopting a commercial highest and best use therefor, but rejecting a shopping center highest and best use. Claimants' land was situated in a sparsely settled area of Rensselaer County and in close proximity to the many shopping centers in the Albany area. Such being the case, we find that the court could properly conclude upon the present record that claimants had failed to demonstrate a sufficient demand to justify use of their land for a shopping center. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.